Statement of the Case.
NICHOLLS, J.
Plaintiff alleges in his petition:
That petitioner is the owner of 58,047.89 acres of pine timber land situated in the parish of Vemon, state of Louisiana, and more particularly described in the schedule A, annexed hereto and made a part hereof, and 088.25 of pine timber.
That on August -, 1907, the State Board of Equalization, for the purpose of equalizing the assessment of pine timber timbered lands in the state, determined and resolved that, for the purpose of assessment for taxation, such lands should be divided into three classes, as follows:
Class A consisting of all lands which will cut as much as 10,000 feet or more of log or stumpage per acre.
Class B consisting of all lands which will cut as much as 5,000 feet and not more than 10,000 feet of log or stumpage per acre.
Class C consisting of all lands which will cut as much as 5,000 feet of log or stumpage per acre.
Said Board of Equalization further resolved that:
Glass A lands should be assessed at $17 per acre.
Class B lands at $12 per acre.
Class C lands at $5 per acre.
That petitioner’s land is not land of uniform quality; but, notwithstanding the aforementioned resolution of the State Board of Equalization, petitioner’s said land was listed by the assessor of the parish of Vernon, and was carried into his final rolls for the year 1907 without any pretense or attempt at classification.
That on March 13, 1908, petitioner delivered into the hands of said assessor a list of all its property in Vernon parish, La.; said list being duly sworn to according to law, and said sworn list accurately describing all petitioner’s property in Vernon parish, La., and accurately describing the character, quality, and kind of property owned by petitioner. That said list shows (and in strict accord with truth and fact) that petitioner was the owner of pine lands in Vernon parish, La., as follows: Class A, 17,544.83 acres; class B, 33,S98.47 acres; class C, 6,564.65 acres; 39.94 acres denuded; and 688.25 acres of pine timber, the land itself not owned by petitioner, denuded and classified as follows:
19.94 in class A.
167.79 in class B.
460.55 in class C.
39.97 denuded.
That petitioner valued lands for assessment purposes at the rate established by the State Board of Equalization in 1907; petitioner’s assessment and rendition being:
Class A, 17,544.83 acres, at $17 =: $298,262.11.
Class B, 33,898.47 acres, at $12 =: $406,781.64.
Class C, 6,564.65 acres, at $ 5 =: $ 32,823.25.
39.94 acres denuded, at $2.50 per acre = 99.85.
Timber.
19.94 acres, at $17 — $ 338.98.
167.69 acres, at $12 = $2,013.48.
460.55 acres, at $ 5 = $2,302.75.
Total land acreage, 68,047.89.
Total valuation of same, $737,966.85.
Total timber (only) acreage, 688.25.
Valuation of same, $ 4,755.21.
Shows ,that within a few days after delivery of petitioner’s sworn assessment list, etc., said Lee McAlpin, assessor, made up an assessment of petitioner’s lands as follows:
17.544.S3 acres, class A, at $25.00 = $438,620.00.
33,898.47 acres, class B, at $15.00 = $508,477.00.
6,564.65 acres, class C, at $ 5.00 = $ 328.23.
40 acres denuded, at $ 2.50 = $ 100.00.
688.25 acres timber, at $10 per acre = $ 6,880.00.
Total valuation, $986,900.00.
*909 That after the said assessor had made up his said sheet, he advised petitioner, by letter under date April 24, 1908, that he intended to attach another assessment sheet to the assessments rendered by petitioner, making a classification of the lands according to what “I believe to be fair and just, and present same to the police jury of Yernon parish, and if approved by them, then to the board of equalization for adjustment.”
That after so advising petitioner, said assessor, some time during the month of June, 1908, made another assessment sheet and attached same to the sheet prepared by petitioner and the sheet previously prepared by him. That by the said last sheet said assessor made his assessment against petitioner as follows:
58,047.89 acres, class A, at $17 = $986,815.00
acres, at = 6,882.00
$.993,697.00
That it appeared before the police jury of Yernon parish, La., sitting as a board of reviewers, at its regular session in June, 1908. That said board of reviewers, after reviewing the assessment as returned by petitioner and the two tentative assessment sheets prepared and submitted 'by said assessor, adopted a resolution as follows, to wit:
“Resolved, that this body, as a board of reviewers, adopt the classification as sworn to by the different owners of pine-timbered lands in this parish, or their authorized agents, and also adopt the valuation of the different classes as fixed by the assessor, as follows:
“Class A at $25.00 per acre.
“Class B at $15.00 per acre.
“Class C at $ 5.00 per acre.”
That in his report made to the Auditor of the state of Louisiana, to be laid before the State Board of Equalization, as to classification and valuation placed by him on pine lands in said parish of Yernon for purposes of assessment for the year 1908, said assessor made returns that he had classified petitioner’s lands as follows:
17,544.83 aeres in Class A at $25.00 per acre — $438,620
33,898.47 acres in Class B at $15.00 per acre = $508,477
6,564.65 acres in Class C at $ 5.0d per acre = $ 32,823
40.00 acres denuded at $ 2.50 per acre = $ 100
688.25 acres of timber at $10.00 per acre = $ 6,880
That said Board of Equalization, at its 1908 session, directed and ordered said assessor to value all pine timbered land for purpose of assessment at the same price per acre as in the year 1907, and further ordered said assessor to make the acreage and classification of acreage the same as in 1907.
That said assessor is now changing petitioner’s assessment and making the same as follows:
Class A, acres at $17 $757,299
Class B, 9,000 acres at $12 8108,000
Class C, 4,500 acres at $ 5 i! 22,504
Timber deeds. $ 6,880
That petitioner has been so informed by said Lee McAlpin, assessor, and petitioner believes that said assessor will carry petitioner’s assessment for the year 1908 into his final rolls, and that petitioner will be taxed for the year 1908 according to said last-mentioned figures and valuation.
That such assessment was unjust and illegal. That the only assessment list before the board of reviewers of Vernon parish, La., was the list submitted by petitioner. That the only classification ever made of petitioner’s land in Yernon parish, La., was the classification made by petitioner and approved by the hoard of reviewers of the said parish in June, 1908. That the classification made by petitioner and approved by the board of reviewers was in strict accordance with truth and fact, and any attempt by the State Board of Equalization or by the assessor of Yernon parish, La., to deviate therefrom was a mere exercise of force and without regard to reason or law. That the action of the said Board of Equalization and the action of the said assessor in these premises, and in changing the classification of petitioner’s land in Vernon parish, La., was ultra vires, is the taking of private property without due pro *911 cess of law, and is in violation of tlae Constitution of tlae state and of tlae United States. That said assessor, in arriving at tlie figures that he was now proposing to carry into his final rolls, was acting arbitrarily. That his action had no foundation in law or fact.
That if the wrongful and unlawful one assessment was not corrected, petitioner will be compelled to pay unjustly and unlawfully as taxes to the parish of Vernon and the state of Louisiana the sum of §3,000 approximately on said one assessment, being ten mills on the dollar to the parish of Vernon and five mills on the dollar to the state of Louisiana, being the rates respectively of the said parish and state. That, in addition to these taxes of parish and state to be levied on the one assessment, part of the lands aforesaid are situated in certain school districts and in road and bridge districts in which special school taxes of five mills on the dollar are levied, and certain road and bridge taxes are levied for the year 1908, and such special school taxes and special road and bridge taxes will also be levied and collected upon said assessment, unless assessment of your petitioner’s land is corrected upon the assessment rolls of the parish of Vemon and placed at the true figure of $73?,966.85. That said assessor informed petitioner that he intends to deliver the tax rolls of the parish of Vernon into the hands of the sheriff of the said parish, Thomas C. Wingate, who would, unless restrained by order and decrees of this court, proceed to collect the taxes, parish and state and school district, upon the lands of petitioner, when the same becomes exigible on January 1, 1909, in accordance with the said rolls which have been delivered into his hands, or will be delivered before trial of this cause.
That petitioner proposes to deposit in this court, or in some depository, under its order, before December 31, 1908, the whole amount of the taxes as assessed upon said lands upon the tax rolls as they may stand, upon the completion of the final roll with the full right in said sheriff to withdraw from the court, without prejudice, such proportion of such taxes as would be due if said assessment rolls were corrected as hereinafter prayed for, and that upon said deposit, and upon your petitioner giving bond in such sum as the court may fix (if the court be advised that a bond is necessary). Your petitioner is entitled to a writ of injunction, restraining the said sheriff from proceeding to collect any taxes from your petitioner on the assessment aforesaid, in excess of taxes on an assessment of $737,966.85.
Wherefore, the premises and the annexed affidavit considered, your petitioner prays that the said Lee McAlpin, in his capacity as assessor of the parish of Vernon parish, and the said Thomas O. Wingate, in his capacity as sheriff of the parish of Vernon, and the said parish of Vernon, through its police jury and the parish board of (school?) directors of the parish of Vernon, may be severally cited to answer this demand, and that after due proceedings had it may be adjudged and decreed that the assessment of your petitioner’s lands as set forth in the petition in this cause may be reduced to and fixed for the year 1908 at the sum of $-, and petitioner adjudged liable to pay taxes on the said lands for the year 1908 only upon the amount of the assessment so fixed. Petitioner further prayed that on the making the deposit in cash to the credit of this cause and of this court either in the registry of the court, if it has such a registry, or in some bank or legal depository designated by the court, of the full amount of all the taxes levied upon the property of your petitioner as described in the petition in this cause according to the assessment rolls as may be made up by the assessor of the parish of Vernon for the year 1908, and on petitioner giving bond in such a sum as the court may fix, a writ of injunction may *913 issue to the said Thomas O. Wingate, as sheriff and ex officio tax collector of the parish of Vernon, enjoining and restraining him from collecting any taxes for the year 1908 on the lands of your petitioner, upon any greater valuation thereof than the sum of $737,966.85, and, after due hearing, the said injunction may be perpetuated. Petitioner further prays for costs and general relief.
Defendant excepted that plaintiff nad not filed, either with the tax assessor or any other party to this suit, any list of lands showing which lands are A, which B, which C, and which are D, or denuded lands; neither had said plaintiff set forth in the petition filed herein any allegations as to which of said lands alleged up were A lands, which B lands, which C lands, and which were denuded lands, but had made a statement arbitrarily that it had 17,544.83 acres in class A, 33,898.47 acres in class B, 6,564.65 acres in class 0, and 39.94 acres in denuded lands, and pine timber A 19.94; 167.79 B, 46,055 0, 39.97 D, without attaching to said description a detailed description, as required by law, of the lands comprising said classification respectively. That respondent cannot answer intelligently, or with any definite degree of fact, as to the correctness or incorrectness of said classification herein alleged upon by plaintiff, until oyer of the description in detail of the A lands, B lands, 0 lands, and denuded lands owned by plaintiff duly made separate and segregated from the total acreage owned by said plaintiff. That plaintiff had brought suit herein to reduce its assessment, substantially upon the grounds that the acreage as carried upon the tax rolls of Vernon parish, La., was incorrectly classified, but had not in any manner shown or alleged which lands have been so improperly and incorrectly classified by respondents, and, under these circumstances, respondent was at a loss to answer plaintiff’s petition, until oyer of the description of the various classes of lands had been had and those lands pointed out, or a description of same be furnished, which said plaintiff alleges have been improperly and illegally classified by the tax assessor of Vernon parish, which list should show the estimate or amount of lumber thereon, by whom the estimate was made, when made, etc., and properly verified as the law directs. That plaintiff’s petition was insufficient, indefinite, vague, and uncertain and very indefinite; in fact, that it did not name or describe what particular lands had been improperly and illegally carried upon the tax rolls of respondent parish ; that it contained no allegation or description of lands alleged to have been placed improperly on the tax rolls, and respondent should not be forced to answer, until after a more specific petition and set of allegations had been filed, sufficient to put defendants upon or within a statement of facts touching upon the merits of the suit. Defendant prayed for a rule against plaintiff, relieving them from answering to the merits of plaintiff’s demands until plaintiff had produced in court a properly certified list of its class A, class B, class 0, and class D lands, showing the amount and description of each class segregated from the total acreage, and respondent had oyer of the same. In the event the court should hold that the prayer for oyer should not prevail and said list was not due respondents, they prayed that the exception of vagueness be maintained, and. that plaintiff be ordered to specify in particular, giving the exact descriptions of same. What lands it alleged to have been illegally assessed.
On March 29th, defendants, alleging that plaintiff had instituted this suit to reduce its assessment as levied and carried upon the tax roll of Vernon parish for the year 1908, that it did not allege or claim in any manner in its petition that it had been discriminated against in the assessment or levy of its property, or alleged that its property had been *915 assessed above its cash value, that its petition did not contain a single word or allegation touching upon the actual cash value of its property, which was the basis of its suit,' in that plaintiff was seeking to reduce the assessment of the same, excepted that the petition filed did not disclose a right of action, and prayed the suit be dismissed at plaintiff’s costs and attorney fees, as allowed by law.
On April 3, 1909, defendants, under reservations of their exceptions, answered. They first pleaded a general denial. They then averred: That on June 8, 1908, the assessor of Vernon parish presented to the police jury of that parish, while said police jury had convened as a board of reviewers, for the purpose of reviewing the assessments for the year 1908, two assessment sheets, one prepared by plaintiff, and the other prepared by said assessor. That the plaintiff had formal notice that said sheet, other than the One it had prepared, would be submitted to said board of reviewers.
That on or about the said date, the following assessment was duly adopted by the police jury of Vernon parish, La., as the assessment of plaintiff’s lands for the year 1908, which is the true and correct assessment of plaintiff’s lands, made by the said assess- or of said parish, to wit:
37,544.83 acres, Class A, at $25.00 per acre = $438,620
33,898.47 acres, Class B, at $15.00 per acre == 508,477
6,564.65 acres, Class C, at $ 5.00 per acre = 32,823
40.00 acres denuded at $ 2.50 per acre = 100
688.25 acres of timber at $10.00 per acre = 6,880
Total assessment. $986,900
That the said plaintiff, by its agent, was duly present at said meeting of the police jury in June, 1908, which, acting as a board of review, made no objection, nor entered any protest, or appealed in any manner from said action, but, on the other hand, expressed its satisfaction with same, stating that no appeal would be taken from said act. That the assessment sheets from the parish of Vernon covering all the pine timber lands in Vernon parish, but in strict conformity with the above valuations in so far as it affected each individual owner, was submitted to the State Board of Equalization for the purpose of equalizing said assessments of timbered lands in Vernon parish, and the said State Board, in attempting to equalize said assessment, committed acts ultra vires and in violation of strict provisions of the law, and that said acts did not in any manner damage or affect the above assessments, the only assessment made of plaintiff’s property. That no equalization was ever made by the said board, and that its acts in attempting to do so are null and void, and not in any manner binding upon your respondents. That the said State Board of Equalization is totally without power to assess property, its functions being that of equalization; and, said board having failed in that respect, the only assessment made of the plaintiff’s land in the year 1908 is the one above described.
Wherefore respondents pray that this suit be dismissed with costs and 10 per cent, interest, upon the above amount in dispute as attorney fees. They pray in reconvention for judgment against the plaintiff, homolo-gating and sustaining the above assessment, and that an order issue from this court, directing and commanding that the tax rolls for the year 1908 be changed and corrected to conform to the above assessment, and that the sheriff and ex officio tax collector of Vernon parish be directed, authorized, and commanded to collect the unpaid tax due by plaintiff, parish and state, as well as all special taxes for the year 1908. Defendants pray further in the alternative that the doctrine of estoppel be applied in their favor, and enforced against the plaintiff, rejecting all complaint going to change the assessment as made by the assessor and accepted by the plaintiff.
*917 Agreement and Statement of Facts.
No. 1,276. The Southland. Lumber Co. v. Lee McAlpin et al.
No. 1,277. Calcasieu Pine Co. v. Lee McAlpin et al.
No. 1,279. John J. Rupp et al. v. Lee McAlpin et al.
No. 1,275. J. Y. Underwood v. Lee McAlpin et al.
No. 1,280. Guardian v. Lee McAlpin et al.
No. 1,274. Lutcher & Moore Lumber Co. v. Lee McAlpin et al.
No. 1,278. Cayuga Land & Lumber Co. v. Lee McAlpin et al.
No. 1,273. Hackley & Hume Co., Limited, v. Lee McAlpin et al.
In the above and foregoing numbered and entitled cases (eight) now pending in the Twelfth judicial district court, in and for the parish of Vernon, state of Louisiana, it is agreed by and between the respective parties, plaintiffs and defendants, represented by the undersigned counsel of record, that the following statement of facts shall be considered as a statement of facts in and for all of said cases, the same as if separately offered in each; and it is further agreed that the same shall be used in evidence, subject to such objections as may be noted in each and all of said cases, in so far as the same is applicable to the respective cases. It is further agreed that case No. 1,276, The Southland Lumber Co. v. Lee McAlpin, Assessor, et al., be taken up and tried as a test case; that whatever judgment be rendered in said case shall be judgment in each and all of the above cases; that, in the event of an appeal from the judgment rendered in said case, the decree of the appellate court shall apply to govern and decide all such said cases. In the event of an appeal in the test ease, the appeal shall operate to all of said cases, the same as if separate appeal had been taken and bond given in them.
Statement Of Facts.
(1) It is admitted that the document marked “A” is the published report of the State Board of Equalization for the year 1907, and it is-agreed that the same or duplicate thereof be offered in evidence, and, in the event of an appeal, that a copy of the said report be sent in the original.
(2) It is admitted that the proceedings of the State Board of Equalization for the year 1908 have not been published in printed pamphlet or other form.
(3) It is admitted that the document marked “B” is a correct copy of the proceedings of the police jury of Vernon parish, La., sitting as a board of review on June 10, 1908, in the matter of renewing assessments in the year 1908.
(4) It is admitted that the document marked “C” is a copy of the abstracts of assessments for the parish of Vernon for the year 1908 made out by the assessor of the said parish and transmitted to the State Auditor; said copy to be offered in evidence.
(5) It is admitted that the document marked “D” is the correct copy of the minutes of the State Board of Equalization and embodies all the proceedings had touching upon or pertaining to pine timber, or pine cut over, or denuded lands; and it is agreed that said copy of document marked “D” be offered in evidence.
(6) It is admitted that document marked “E” is a correct copy of the instructions and directions from the secretary of the State Board of Equalization to the State Auditor, to be by the auditor communicated to the assessor of Vernon parish, La.; said document to be filed in evidence.
(7) It is admitted that document marked “F” is the notification by the secretary of the State Board of Equalization to the State Auditor of the instructions from the said board in the matter of the Vernon parish assessments for the year 1908 with adden *919 dum thereto, and the addendum being instructions from the State Auditor to the assessor of Vernon parish.
(S) It is admitted that the documents marked, respectively, “G” and “II,” and the document marked “I,” is a correct copy of the original of which same purports to be a copy. These documents to he offered in evidence; document “G” being letter from W. N. Ceirley, secretary of the Board of Equalization, of date September 17, 1908, to the assessor of Vernon parish, document “H” being letter from the assessor of Vernon parish dated September 22, 1908, to the secretary of the State Board of Equalization, and document “I” being letter from secretary of said board, dated September 23, 190S, to said assessor.
(9) It is admitted that document marked “J” is a correct copy of the minutes of the State Board of Equalization at its meeting held November 5, 1908; said document to be offered in evidence.
(10) It is admitted that the acreage and classification reported by the assessor of said parish to the State Board of Equalization in his abstracts of assessments, dated 6-27-09, for the year 1908, was based upon the renditions as to acreage and classification, made by the respective plaintiffs, made for the year A. D. 1908.
(11) It is admitted that the assessor made up the figures that finally went to the (1908) tax rolls by adding the number of acres in classes B and O together, and to the quantity in class A he added two-thirds of said aggregate; of the remaining one-third he put two-thirds in class B and one-third in class O. That with the acreage thus made up, he carried out valuations of the same at the rate of $17 for class A, $12 for class B, and $5 for class O.
'(12) It is admitted, also, that O. D. Cran-dell is the authorized agent of the plaintiff, and that he, said agent, resides in the city of Chicago, Ill., and that he, said Crandell, as representative of said plaintiffs, and in their behalf, was present before the parish board of review (police jury) on June 10, 1908, at the time the resolution admitted under article 3 of this agreement was adopted by the said board, relative to the valuations and classifications of timber lands in Vernon parish. That the plaintiffs, represented by said Crandell, made no objection or protests, or entered no appeal from the findings of the said board on said date, he, said Cran-dell, that the matter of valuations was to be determined by the State Board of Equalization.
(13) It is admitted that document marked “K” is a true copy of a letter written by Lee McAlpin, assessor of Vernon parish, La., dated April 24, 1908; to C. D. Crandell, agent of the respective plaintiffs, and that said document be offered in evidence.
(14) It is further admitted that the respective plaintiffs have paid all taxes which are due for the year 1908, except these which are in dispute in this litigation.
(15) It is further admitted that documents marked “K”-“K” 1, K 2, L. L. 1, L. 2, M. M. 1, M. 2, N. N. 1, N. 2, O. O. 1, O. 2, P. P. 1, P. 2, Q. Q. L, Q. 2, and R. R. 1, R. 2, are true and genuine; said documents being the assessment lists referred to in plaintiff’s petition and the defendants’ answers.
In conclusion in this matter, reserve the right to have Lee McAlpin, tax assessor for the year 190S, testify upon the stand at the trial.
The district court rendered judgment and ordered and decreed that the assessment of plaintiff’s lands in Vernon parish for the year 1908 be, and the same is hereby, reduced to and fixed for the year 1908 at the sum of $737,9G2.35. It is further ordered, adjudged, and decreed that the sheriff and ex officio tax collector of the parish of Vernon, La., be, and he is hereby, perpetually enjoined from collecting any taxes for the year 1908 on the lands of plaintiff in said Vernon par *921 ish upon a valuation or assessment greater than the sum of $737,966.85, and that all costs herein be, and the same are hereby, taken in solido against defendants.
The exceptions filed by the defendant were, by consent, referred to the merits. They were never acted upon by the court. . They are considered abandoned or waived.
It appears that in August, 1907, the State Board of Equalization, for the purpose of equalizing the assessment of pine timber, timbered lands in the state, resolved that, for the purpose of taxation, such lands should he divided into three classes, as follows:
Class A, consisting of all lands which .will cut as much as 10,000 feet.
Class B, consisting of all lands which will cut as much as 5,000 feet and not more than 10,000 feet of log or stumpage per acre.
Class C, consisting of all lands which will cut 5,000 feet of logs or stum>page per acre.
That the Board of Equalization further resolved:
■ Class A lands should be assessed at $17 per acre.
Class B lands should be assessed at $12 per acre.
Class C lands should be assessed at $5 per acre.
Plaintiff, on March 13, 1908, delivered into the hands of 'the assessor, duly sworn to, an assessment list of his property in Vernon parish. By that list plaintiff was made to appear as owner of pine lands classified as follows:
Class A.'..17,544.83 acres.
Class B.33,898.47 acres.
Class C. 6,564.65 acres.
Denuded. 39.97 acres.
Pine timber. 688.25 acres.
The land itself not owned by petitioner divided and classified as follows:
19.94 in class A.
167.75 in class B.
460.55 in class O.
39 97 denuded.
That he valued his lands for assessment purposes at the rate established by the State Board of Equalization in 1907; his assessment and rendition being:
Class A 17,544.83 acres @ $17.00.. $298,262.10
Class 'B 33,898.47 acres @ 812.00.. 406,781.60
Class C 6,564.65 acres @ 3 5.00.. 32,823.20
Denuded 39.94 acres @ $ 2.50.. 99.80
Timber.
19.94 acres @ $17.00. .$ 338.90
167.70 acres @ .
460.55 acres @ 5.00. . $2,302.70
Total land acreage. $58,017.89
Total valuation of same. $737,966.85
Total timber (only) acreage.... 688.25
Valuation of same. $ 4,753.21
After receiving this assessment list, the assessor of Vernon parish made his own assessment of plaintiff’s lands, making the total valuation $986,900.
The assessor notified plaintiff by letter that he intended to attach another assessment sheet to the assessment list of plaintiff, making a classification .of the lands according to what he declared to be fair and just, and he would present the same to the police jury of Vernon parish, and, if approved by them, then to the Board of Equalization, for adjustment.
The police jury, sitting as a board of reviewers, adopted the following resolution:
“Resolved, that this body, as a board of reviewers, adopt the classification as sworn to by the different owners of pine-timbered lands in this parish or their authorized agents, and also adopt the valuation of the different classes, as fixed by the assessor.”
Under that resolution, plaintiff’s assessment was as follows:
17,544.83 acres in class A @ $25.00 per acre $438,620 00
33,898.47 acres in class B @ $15.00 per acre $508,477 00
6,564.65 acres in class C @ $ 5.00 per acre 32,823 00
40.00 acres denuded @ $ 2.50 per acre 100 00
v 688.25 acres of timber @ $10.00 per acre 6,880 00
Total assessment. $986,900 00
The assessment sheets of timbered land in Vernon parish were submitted to the State Board of Equalization for action. That of the plaintiff, so submitted by the assessor to *923 the board, as being just above stated. That body having appointed a committee on equalization of timbered lands, a majority report was made by it to the board, as follows:
“Your committee on timbered lands, after a very careful and diligent examination of the returns made by the various assessors of this' class of property, find that there is a glaring discrepancy in the acreage and classification as returned this year, as compared with the classification fixed by the board of 1907. It is apparent that many of the owners of pine and cypress lands have failed to meet the requirements of your honorable body in- regard to the classification, and in order that your committee can arrive at a fair and equitable equalization, treating all parishes with the same impartiality, we attach herewith a tabulated statement of increases and decreases, which we hope will meet with approval of this board, and ask that it be made the basis of equalization and taxation for the year 1908. We have carefully compared the classification of the pine and cypress timber lands, as returned by the several assessors of the state for the years 1907 and 1908, and find that for some reason, which is not known to the committee, there are very noticeable discrepancies. We recommend that the assessments on cypress timbered lands as returned by the several assessors be accepted and made the basis for taxation for the present year. As to hard wood lands, we have again endeavored, without avail, to get information sufficient to enable us to classify same. Wherefore we recommend, for the purpose of equalization, that all hard wood timbered lands remain at assessed value, as fixed by the assessors throughout the state for the year 1908. As to denuded pine lands, we attach hereto a tabulated statement of increases and decreases, which we hope will meet with the approval of this board, and ask that it be made the basis of equalization for the year 1908. We further recommend that for the year 1909 the assessors throughout the state be instructed not to undertake to classify these lands. This recommendation is offered, believing that the board is able to more closely arrive at a true and correct valuation than evidenced by classification for the years 1907 and 1908, as returned by the several assessors. We recommend that the above report be adopted and made the action of the board for 1908.”
The majority report was adopted, and the following resolution passed by the board:
“Resolved, that the secretary be and is hereby authorized and instructed as follows, to wit: That in extending and transmitting the increase or decrease of any item of property, the assessment of which has been increased or decreased for the purpose of equalization, he shall do so by a rate per cent, taking the valuation of assessor as the basis, and use such a rate per cent, that is even and not fractional that will produce at a percentage the figures nearest to the amount of increase or decrease indicated by the table or sheet which forms a part of the report of the committee that had under consideration said item of property; that the same rule guide him in extending and transmitting the increase or decrease of the parish acreage of any items or class of property. And to the extent necessary to carry out this instruction, the secretary is authorized in making new sheets to be printed to at the amount of increase or decrease vary from that indicated on the sheet filed by the respective committees. Further the secretary is authorized and instructed to notify the various assessors of any change in classification per acreage in their respective parishes that has been or may be made the action of the board.
On Sei>tember 19, 1908, the secretary of the board wrote a letter to the State Auditor, in which he said:
“You are hereby notified that the State Board of Equalization at its session begun on the third Tuesday in the month of July, 1908, determined upon the rates of per centum stated below, of addition to or deduction from the assessed value of the property listed for taxation in the parish of Vernon, for the year of 1908. (Here follows the list of rates referred to, in which, under the heading “Lands,” is given:)
Virgin pme, Class Au 436,527 acres, @ 817.00
Class
Class 5.00
“You will therefore, in pursuance of law, notify the assessor of the parish of Vernon to extend the equalized valuation of the several classes of property so listed, by increasing or reducing the valuation as equalized and corrected by the parish board of review, at the rates per centum above given.”
The State Auditor notified the assessor of Vernon parish of the receipt by him of this letter directing him to extend the equalized valuation of the several classes of property in his parish as indicated on the table of per centum of increase or decrease established by the State Board of Equalization at its session in July. Accompanying this letter was a copy of the schedule which had been forwarded to him. On September 19th the secretary of the Board of Equalization wrote to the assessor of Vernon parish, saying:
“You will find on the notice to which this is attached and sent to the auditor as to the action of the State Board of Equalization at its present session, written in red ink, the number of acres and price per acre of pine and cypress *925 timber lands in the several classes as fixed by the board for 1908. And if those figures in red ink are different from your abstract, then you must so change your roll in extending the taxes, as to have your roll to be the same as those figures in red ink. Your careful attention to this matter will be appreciated.”
On September 22, 1908, the assessor of Vernon parish wrote to the secretary of the Board of Equalization as follows:
“I have just received the report from the State Board of Equalization and have examined same and find that it will be impossible for me to comply, owing to what I suppose to be an error of the writeup of the instructions. My report to the board on timber land was as follows:
Grade A, pine timber lands.232,846 acres.
Grade B, pine timber lands.213,130 acres.
Grade G, pine timber lands.115,985 acres.
Total .661,961 acres.
The order from the State Board is for grade A .436,527 acres.
The order from the State Board is for grade B .213,130 acres.
The order from the State Board is for grade C.115,985 acres.
Total .765,642 acres.
Number of acres added to grade A.203,681
“There being no reduction, of acreage on any other grade of land, I am at a loss to know how I could comply. Will you please do me the favor to inform me what the board intended, and, if the report is correct, where am I to get the extra 203,681 added to my list of pine timber lands?”
On September 23, 1908, the secretary of the State Board, of Equalization wrote to the assessor of Vernon parish saying:
“The pine acreage in your parish was fixed by the board at the same figures as last year, to wit:
Grade B, 156,467 acres @ $12.00
Grade acres 5.00
“No doubt the figures in red ink in the report you received was a clerical error, and I thank you for your early attention to same.”
At a special meeting of the State Board of Equalization, held on November 5, 1908, the following resolution was adopted:
“Resolved, that this board in view of the present emergency finds itself compelled to accept the assessment rolls for the year of 1908, as submitted to the State Auditor, but will take such steps in the future to prevent a reoccurrence of the present situation as will permit this board to enforce the supervisory power imposed upon it by law over the returns of the assessor of the-respective parishes on the property assessment of this state.”
The plaintiff’s assessment extended upon the tax rolls as that to be enforced by the tax collector, and which was either actually placed by the assessor in the hands of that officer or was proposed to be so placed by him when this action was brought, was:
Class A 44,547 acres at $17 = $757,299
Class B 9,000 acres at $12 = 108,000
Class C acres at $ 5 =
Timber 685 acres at $10 = 6,850
Total $894,680
These figures seem to have been made up by adding the number of acres in classes B and C together, and to the quantity in class A was added two-thirds of said aggregate— of the remaining one-third was put two-thirds in class E,. and one-third in class C. The acreage as thus made up was run out with valuations respectively of $17, $12, and $5 per acre.
Opinion.
The situation in this case is such as to-make it difficult for us to apply legal principles to it. The defendants are the assessor of Vernon parish, the police jury, and the-parish school board of that parish. Neither the State Board of Equalization nor the State Auditor have been made nor made themselves parties to the suit.
The plaintiff prior to the 1st of April, 1908, delivered to the assessors a sworn list of its property, and the present suit for relief was filed to the 1st day of November. We-think the issues raised by the plaintiff are properly before us.
The assessor approved the acreage of the land belonging to the plaintiff as returned by it and the number of acres in the .different classes as returned, but disagreed with it as to the valuation of each class. He made out *927 Ms own assessment of its property with a ■different valuation. 1-Ie informed the plaintiff that he had done this, and that he would submit the two assessments to the parish board of reviewers at its approaching session and notified him to be present thereat.
O. D. Crandell, the authorized agent of the plaintiff, was present as its representative before the parish board of reviewers (the police jury) on June 10, 1908, at the time that body adopted the resolution referred to in the pleadings relative to the valuations of classification of timber lands in Vernon parish. The plaintiff' (represented by said Crandell) made no objection or protest thereto and made no appeal therefrom, at the time he, the said Crandell, (stating) that the matter of valuations was to be determined by the Board of Equalization.
The plaintiff, however, instituted the present action for relief prior to the 1st of November, 1908.
The record does not show what evidence was adduced before the police jury on the part of the plaintiff, or any other individual taxpayer, or by the assessor in respect to the correctness of their respective assessments. We only know the ultimate result reached by the board to the effect that that body adopted the classification as sworn to by the different owners of pine timber land in the parish of their authorized agents, and also adopted the valuation of the different classes as fixed by the assessor as follows:
Class A at $25 per acre.
Class B at $15 per acre.
Class C at $ 5 per acre.
A report was made by the assessor to the Board of Equalization as to the classification and valuation placed by him on the pine lands in Vernon parish, to be laid by him before the Board of Equalization for the purpose of assessment for the year 1908. He returned that he had classified plaintiff’s lands as follows:
17,543 aeres in class A at $25.00 per acre = $438,620
33,898 acres in class B at $15.00 per acre = $508,407
6,564 acres in class C at $ 5.00 per acre = $ 32,823
40 acres denuded at $ 2.50 per acre = $ 100
688 acres o£ timber at $10.00 per acre = $ 6,880
This return for the assessment of plaintiff’s property for the year 1908 conformed to the assessor’s own assessment as adopted by the police jury. The assessment which had been made by the assessor stood unreversed and unaltered when, together with the lists of the other individual taxpayers, it was placed in the hands of the Board of Equalization.
The State Board of Equalization convened on July 1, 1908, and took action the exact purport of which it is difficult to understand. It left the assessor to take action when it should itself have acted upon and definitely settled its own action. The action which it did take was as a whole unauthorized and wrong.
The action of the Board of Equalization, such as it was, having been reported by the State Auditor to the assessor with direction to carry out its instruction, the assessor attempted to conform to those directions as he understood them, and he accordingly subsequently altered his original assessment in the manner and to the extent which we have mentioned.
The plaintiff, having in some manner come to a knowledge of this proposed alteration, objected thereto and made the proposed action of the assessor an issue in his petition, insisting that his own individual assessment as made was the only one which should be followed.
The defendant in this case admits the incorrectness of his proposed alteration of the assessment as made by himself and as adopted by the police jury acting as a board of reviewers, and insists that no part of the action taken by the board of reviewers can stand, as its action on one branch ,of the subject-matter submitted to it was in view of *929 and dependent upon its correctness as to the other branch, so that, if it acted wrongly or beyond its authority on one branch, its action on the other, even though it may have been correct, would fall.
Plaintiff has furnished us with no information as to the grounds and evidence upon which the assessor refused to follow the assessment which it had made out itself, but made out his own assessment.
We are obliged, as matters are before us, in the absence of evidence to the contrary, to assume that the assessor, as a sworn officer of the state, did his duty in the premises. We cannot take for granted that the assessor made the change in the plaintiff’s assessment list without having good reason for so doing.
We are of the opinion that the judgment appealed from is erroneous. It is therefore hereby ordered, adjudged, and decreed that the said judgment be annulled, avoided, and reversed. It is further ordered, adjudged, and decreed that the original assessment made by the assessor of the parish of Vernon of the property of the plaintiff for the year 1908 accepted and adopted by the police jury of that parish, acting as a board of reviewers, be recognized and decreed to be the correct assessment of plaintiff’s property for the year 1908, and as such it is hereby ordered to be enforced. It is further ordered, adjudged, and decreed that the demand of plaintiff be dismissed, and that it pay the costs of both courts.