BREAUX, C. J.
Plaintiff by this suit seeks to have the assessment of his property in the parish of Richland reduced from the sum of $20,025 to the sum of $9,615.
The latter amount was the sum at which he fixed the total valuation as per his list not sworn to handed to the assessor.
He complains that the police jury, without notice to him, increased the amount to $14,-265, and further that, after this increase, the police jury received an order from the board of equalization directing the board of reviewers to increase the amount to $20,025, and, in accordance with this direction the last-mentioned increase was made.
The grounds upon which plaintiff asks for reductions are:
Eirst, that the above increase was made without notice to him, that the increase was excessive, unreasonable and arbitrary, and that the action of the board of equalization was ultra vires of that board.
The tax collector, the assessor, and the sheriff were cited.
The board of equalization, although not cited, joined these defendants and urged want of jurisdiction of the Court of Appeal.
The defendants also answered that the assessment was made strictly in accordance with the law’s requirement.
The district court was of the opinion that the action of the board of equalization was ultra vires, and declined to thus decide as the board was not a party.
The Court of Appeal took a different view. That court was of the opinion that the action of the board of equalization was ultra vires, but that, none the less, the assessment must be reduced to the $9,615 valuation placed upon the property by the plaintiff owner.
It will he here stated, as part of the facts of the ease, that the hoard of equalization increased the whole assessment of the parish of Richland in 1909 $1,000,000 over and above the assessment for the year 1908.
On the Merits.
Relator’s complaint (defendant here) is mainly directed against the ruling of the Court of Appeal wher.eby that court holds that the assessor did not assess the land. In other words, that the assessment had not been made by that officer by reason of the fact, as contended by relator here, that it was the act of the police jury, whose order the assessor followed in making the assessment.
Upon this subject, we are informed in effect, by the opinion of our learned Brothers, and by the testimony in the case, that the taxpayers were complaining about the valuation of timbered lands in the parish, and that for that reason the assessor submitted the matter to the police jury; made it a sort of “breakwater” from whom he received in *1071 structions how to make the whole assessment of the timber lands of the parish. There was at the time dissatisfaction among the taxpayers.
He testified that he waited until the police jury met to act as the board of reviewers, and then asked them for instructions, and that they instructed him to assess woodlands from $2.50 an acre to $4 ah acre, and to assess cultivated lands at $10 an acre.
. The assessor says that he knew very little about plaintiff’s land; that he made the assessment on information received from persons residing near the lands; that he placed the same valuation upon this land as he did on all the other lands, that is, $3 or $3.50 an acre — he was not quite certain at the time.
It is quite true that the assessor should not be the mere instrument of the police jury— a dummy — as he has important functions to perform, which he should perform, and not that body.
It remains that the act was not prejudicial. Between the maximum and the minimum figures, he assessed the property at the amount he deemed proper. It was the amount at which he assessed all other woodlands in the parish.
The plaintiff did not complain of the amount of the assessment, but of the direction of the police jury.
It is true that it should have been avoided; but we do not see that it can be considered as fatal to the assessment of all the lands.
In the case of Tensas Delta Land Co. v. Ferguson (No. 18,613, recently handed down) 54 South. 708,[1] that point was decided adversely to the taxpayer. The court said that, inasmuch as the point was only mentioned in the brief, and not in the pleading, it would not be considered.
In that ease, as in the one before us, testimony had been admitted proving that the assessor had acted to the extent before stated, under the direction of the police jury.
The ruling in the cited case is conclusive.
We will, none the less, further state that it should have been alleged, as without it there was scarcely a cause of action even in the Court of Appeal, as that was the only point sustained.
A petition without a cause of action, if not amended, is suggestive of no due process of law.
The next proposition urged in the brief of learned counsel is that the board of equalization was without authority to increase the total aggregate valuation over the total aggregate valuation of the parish for the preceding year.
The board of equalization was organized under Const, art. 225, looking to a system of equality and uniformity in assessment.
[6] The first section of the legislative act, No. 182 of the year 1908, makes it the duty of the board to equalize assessments among the parishes, and section 8 directs the board to subdivide classes of property as it may deem necessary and determine additions or deductions from the listed or assessed valuation of all the classes as may be deemed equitable and just.
The whole theory of the law is uniformity in assessment.
We have not found that the board has. disregarded the intention of the law.
The power of equalization includes the power to increase assessments to the end of equalizing- values.
The board has the authority to increase the rate of assessment for uniformity’s sake.
In the differences which have arisen between the taxpayer in this case and the board, we see no ground for an interference and setting aside the judgment rendered.
[7] In the next place, the contention of plaintiff is that there was no necessity of making the board of equalization a party to this suit.
But the board made itself a party, properly enough, we think, for the purpose of de *1073 fending itself from charges of having acted illegally. It sought to prove that it was acting within the scope of its authority.
We can only say, upon this point, that the issues are now before us. Southland Lumber Co. v. McAlpin, 126 La. 906, 53 South. 45.
As relates to want of notice, alleged by plaintiff in the first suit (respondent here), similar point has already been passed upon in the suit cited above.
[1-3] Besides, in the present case, while it appears that the plaintiff, Millsaps, handed a list to the assessor it is not the list required by law; it is not sworn to. Moreover, in this case, different from the case cited supra, it is shown that the assessor did make an assessment. This makes it a much stronger case for defendants than the cited case in which the question of notice was passed on adversely to plaintiff. He exercised some judgment in regard to the assessment, and it does not appear that he adopted any valuation placed upon the land by the police jury, although he did follow directions as relates to the minimum or maximum amount of assessment.
[4] Furthermore, the plaintiff (respondent here) is estopped under the plain words of the statute: The taxpayer makes a list of his property supported by his oath, in default of which, for any cause, he is estopped from contesting the correctness of the assessment list filed by the assessor. “For any cause,” mentioned in the statute, includes the want of notice complained of by plaintiff. Section 3 of Act 182 of 1906.
In the case before us now, the brief of learned counsel makes no reference to this last point.
It is therefore ordered, adjudged, and decreed that the judgment of the Circuit Court of Appeal is avoided, annulled, and reversed. The judgment of the district court in this case, which reads as follows: “It is ordered that plaintiff’s demand be rejected” — is reinstated and made the judgment of this court, and the case is remanded only in so far as relates to costs of all courts to be paid by plaintiff in the first suit and respondent here. The writs of certiorari and prohibition are made perpetual.

Ante, p. 171.