(59 South. 19.)

No. 19,373.

BERTRON, GRISCOM & JENKS v. CITY OF NEW ORLEANS et al.

(June 4, 1912. Rehearing Denied June 29, 1912.)

*(Syllabus by the Court.)*

1. TAXATION (§ 95*)—ASSESSMENT—BUSINESS OF NONRESIDENTS.

Where plaintiffs, residents of New York City, carried on a brokerage business in the city of New Orleans, through a resident agent, *held*, that the average capital employed in such business may be taxed in the state of Louisiana, and all moneys arising from the business may be valued for the purpose of arriving at the amount of capital actually employed therein. The circumstance that all moneys received by the agent were forthwith remitted to the plaintiffs in New York City did not affect the amount of capital, in one form or another, actually employed in the conduct of the business in the city of New Orleans.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 190–192; Dec. Dig. § 95.*]

2. TAXATION (§§ 462, 95*)—ASSESSMENT—ESTOPPEL TO CONTEST—BUSINESS OF NONRESIDENTS.

Plaintiffs made no return of their property for assessment, and are therefore estopped to contest the correctness of the assessment list filed by the assessor. Section 25, Act 170, 1898. The assessment of $50,000 to plaintiffs' brokerage firm under the head of "money in possession" represents the average cash capital actually employed in the business. Section 7, Act 170, 1898.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 818–823, 190–192; Dec. Dig. §§ 462, 95.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Bertron, Griscom & Jenks against the City of New Orleans and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Howe, Fenner, Spencer & Cocke and B. J. Mayer, for appellant. Geo. H. Terriberry, for appellee Board of Assessors. Harry P. Sneed, for appellee State Tax Collector. John J. Reilley, for appellee City of New Orleans.

LAND, J. The plaintiff is a copartnership composed of residents of the city of New York, "but doing business in the city of New Orleans," through a duly authorized resident agent. The business so conducted is described by the agent as that of "banking and brokerage." The agent negotiated for the sale of securities, and, when he found a purchaser, communicated with the New York office, and the securities were forwarded to him and delivered to the purchaser on payment of the agreed price. The agent at once invested the price so paid in New York exchange, which he forwarded by mail to the plaintiffs' New York office. The agent in the city of New Orleans kept no deposit account, and drew on the plaintiff for office expenses. In short, the business was so managed that the plaintiff never had any money on deposit in the city of New Orleans, although considerable sums, representing the proceeds of sales of securities, were received by the resident agent from time to time in the usual course of business.

In the year 1911 the plaintiff made no return of property for taxation, and the board of assessors for the parish of Orleans assessed plaintiff as follows: .

Money in possession............. $50,000 00
Furniture ...................... 500 00

Plaintiff made no application to said board for a reduction of the assessment, but instituted the present suit to cancel the assessment "as illegal, null, and void as being an assessment of property which is not situated in the state of Louisana," and as property which the petitioners did not have or own in this state.

There was judgment for the defendants, and the plaintiff has appealed.

[1] The plaintiff was engaged in carrying on a regular brokerage business in the city of New Orleans, in competition with resident dealers in the same line. Plaintiff's agent sold and delivered securities, and received the proceeds of sale, in the city of New Orleans. The proceeds of sale in the

form of checks were received by the resident agent, and by him invested in New York exchange. This circumstance cannot affect the situation. In General Electric Co. v. Board of Assessors, 121 La. 116, 46 South. 122, this court held that debts due on open accounts to a nonresident are taxable at the domicile of the debtor when they have arisen out of a business carried on in the taxing state and form part of the capital of the business. See, also, National Fire Insurance Co. v. Board of Assessors, 121 La. 108, 46 South. 117, 126 Am. St. Rep. 313.

This doctrine has been approved by the Supreme Court of the United States in a number of cases, on the ground that the tax was on the business, and not on a single credit or series of separate credits. See Metropolitan Life Insurance Co. v. New Orleans, 205 U. S. 395, 27 Sup. Ct. 499, 51 L. Ed. 853; Liverpool, etc., Ins. Co. v. Orleans Assessors, 221 U. S. 346, 31 Sup. Ct. 550, 55 L. Ed. 762; Orient Ins. Co. v. Assessors of Orleans, 221 U. S. 358, 31 Sup. Ct. 554, 55 L. Ed. 769. The tax being on the capital employed in the business, stock in trade, money and credits are valued for the purpose of arriving at the average amount of the capital actually employed. Section 7, Act 170, 1898. For this purpose, it can make no difference whether sales have been made for cash, or on credit, or that the money, or evidence of credit, has been sent out of the state. The plaintiff could not do business in this state without the continuous employment of capital, and it is this capital, and not its varying factors, that the state seeks to tax.

[2] Plaintiff made no return of property for assessment, and is therefore estopped by the statute from contesting the correctness of the assessment list filed by the assessor. Section 25 of Act 170 of 1898. The issue is therefore reduced to the proposition that the $50,000 is not taxable because the money as collected was remitted to the New York office. The assessment complained of was intended to represent a fair average of the capital employed by the plaintiff in business in the city of New Orleans, and not any particular sum or sums of money arising from sales of bonds or otherwise. The evidence shows that the monthly expenses of the business in New Orleans were defrayed out of funds kept in New York. It may be assumed that the moneys derived from the sales of bonds in the New Orleans market were invested and reinvested for the purposes of the business carried on in that city. The fact that plaintiff banked in New York did not affect the amount of capital employed in the business in the city of New Orleans. The assessment fixed the average amount of capital so employed at $50,000.

We have considered the authorities cited by learned counsel for the plaintiff, but do not think they are applicable to the facts of this case.

Judgment affirmed.