PROVOSTY, J.
In three suits, tried separately below, but consolidated in this court, the Crowell & Spencer Lumber Company, the Pawnee Land & Lumber Company, and the Forest Lumber Company seek to have their tax assessments for the year 1914 annulled, or, at any rate, corrected. The parties made defendant to the suits are the assessor, the sheriff, the police jury in its quality of board of reviewers, and the state board of equalizers.
The assessments are null, say the plaintiffs, because in classifying the lands the assessor did not exercise his judgment, but followed instructions given him by the police jury and by the state board of equalizers, and because the assessment lists were not completed in time for submission to the police jury sitting as a board of reviewers at its June meeting, and the assessments were, as a consequence, never approved by the police jury. The incorrectness of the assessments is said to consist in the improper classification of the lands, whereby an overvaluation results.
This incorrectness of the classification is practically conceded in the ease of the Pawnee Company, and is not seriously denied in the other two cases; but defendants contend that the plaintiffs are estopped from contesting the correctness of the assessments, because the returns which they made of their property to the assessor were made after the 1st of April, and therefore too late, and were not sworn to.
Section 14 of Act 170, p. 346, of 1898, provides as follows:
“That it shall be the duty of each taxpayer * * * to fill out a list of his property in accordance with the form prescribed in section 17 of this act; and he shall make oath thereto before the tax assessor, or any officer authorized by law to administer oaths, and return the same to the assessor before the first day of May *775 of each and every year, and any refusal; neglect or failure from any cause whatsoever to comply with this provision of this act shall act as es-topping the taxpayer from contesting the correctness of the assessment list filed by the assessor.”
Section 3 of Act 182, p. 331, of 1906, contains a provision similar in every respect, except that the date fixed for the making of the return is the 1st of April.
Plaintiffs made their return before the 1st of May, and contend that it was in time, because the said section 3 of Act 182 of 1906, changing from the 1st of May to the 1st of April the date before which returns must be made, is unconstitutional, for the reason that the intention to make this change in the law is not expressed in the title of the said act, and because, if they, were tardy in making their returns, the fault lies with the assessor, and he cannot have advantage from his own fault, and his codefendants are in the same boat with him; that he served a notice upon them that they would have to make their returns before the 1st of May, and thereby led them to believe that the returns would be in time if made by that date.
[1,2] Said section 3 is of doubtful constitutionality, for the reason stated; but, if it is valid, we doubt that'the assessor by any act of his could relieve the plaintiffs from the estoppel which it denounces, which appears to have been devised in the public interest, to protect the fisc against uncertainty. We deem.it unnecessary, however, to go into these doubtful questions, as we are clear that the making of an unsworn return is not a compliance with the said act of 1898, which requires the return to be sworn to, and are also clear that the assessor did nothing which could serve as an excuse to plaintiffs for not having sworn to their returns.
When the plaintiffs were informed by the assessor that he would not accept the classification made by them in their returns, their course, if they intended to contest, was clearly marked for them by the statute; they should then and there have made oath to their returns.
Their learned counsel argue that this would have been the doing of a vain thing, because the assessor would not have accepted the returns, even if sworn to, and that the law compels no one to do a vain thing, and, again, that the object of requiring the returns to be made being that the assessor may thereby be assisted in making his assessment, this reason ceases, and the law ceases with it, when the assessor announces his intention not to accept the returns. Our answer is that the swearing to the returns would not have been the doing of a vain thing, since it would have been the fulfilling of a formality which by said statute is positively and unequivocally made a condition precedent to the right to contest, and that while the assisting of the assessor was doubtless the primary and main object of requiring these returns to be made, it was not necessarily the sole object; the requirement of an oath may have had’ for its object the preventing of frivolous contests. In Millsaps v. Traylor, 128 La. 1069, 55 South. 677, an unsworn return was held to be equivalent to none. This estoppel has heretofore been very rigidly enforced. Betron, etc., v. City of New Orleans, 131 La. 73, 59 South. 19; Travelers’ Ins. Co. v. Board of Assessors, 122 La. 129, 47 South. 439, 24 L. R. A. (N. S.) 388, and cases there cited.
[3] The estoppel, however, is only against contesting the correctness of the assessment, not its validity, and we have to conclude, with plaintiffs, that the assessments in question are invalid.
[4] Where a discretion is confided to an officer, it must be exercised by himself, and cannot be exercised by some one else for him.
“In valuing the property and performing other duties involving the exercise of judicial discretion, the personal judgment of the assessing officers is essential to a valid assessment.” A. & E. E. of Law, vol. 27, vo. Taxation, p. 665.
“The duty of assessing property for taxation must be performed by the assessor in person and cannot be delegated.” 37 Cyc. 980.
*777 See, also, Cooley, Taxation (2d Ed.) p. 353; Insurance Co. v. Assessor, 40 La. Ann. 371, 3 South. 891; Dusenbury v. Madere, 130 La. 948, 58 South. 825; Tensas, etc., v. Ferguson, 128 La. 171, 54 South. 708; Page v. Kidd, 121 La. 2, 46 South. 35.
In the present cases the assessor surrendered entirely his own judgment to the dictation of the police jury; he did not exercise it at all; he considered himself to be bound by the instructions of that body, and obeyed them servilely and blindly. He testifies that he did not feel at liberty to disobey them; and in a letter to the Pawnee Company he said;
“According to the resolution of the police jury I was compelled to overlook your rendition.”
For making the assessment of the year 1913 the police jury had employed two experts to classify the lands of the parish, and in that year it passed a resolution directing the assessor to adopt the classification made by these experts in his assessment; but the instructions came too late, and the resolution was repealed. This is the resolution the assessor had reference to in his said letter, and these are the instructions which he obeyed in making his assessment of the year 1914. His counsel argue that as the resolution had been repealed, and the instructions thereby recalled, when the assessment of 1914 was made, the assessor was not under instructions when he made said assessment, and did not merely obey instructions in making it, but acted according to his own free will and judgment.
True, the resolution had been repealed; but the assessor, apparently, did not know of the repeal, for he unquestionably considered himself to be bound by the instructions. In declining to accept the return of the Crowell & Spencer Company he produced the said resolution from out of the drawer of his desk and showed it to the agent of said company and said he considered it in force and binding upon him. And, indeed, no matter whether he knew of the repeal or not, the-patent fact remains that he did not exercise his own. judgment and did not consider himself at liberty to do so, and that therefore the classification was not his own, but that of the police jury, or of the experts employed by that body.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the assessments of the plaintiffs in these suits for the year 1914 be annulled and set aside, and that the defendants pay the costs of this suit.
MONROE, C. J., takes no part, not having heard the argument.