O’NIELL, J.
The defendants, assessor, tax collector, police jury, and board of school directors of the Parish of Beauregard, appeal from a judgment maintaining an injunction against the collection of local taxes on an increase in the assessment of plaintiff’s property for the year 1917.
In March of that year plaintiff furnished the assessor a list of the company’s property, with a valuation on each item, amounting to $621,737.22. The assessor, disagreeing with plaintiff as to the value put upon certain classes of timber lands, increased the valuation to $793,621.22.
In April, 1917, the board of state affairs adopted a resolution requiring the police jury of every parish to meet as a board of reviewers, pursuant to the provisions of section 24 of Act No. 170 of 1898, on Monday, June 4, 1917. The resolution also required every assessor in the state to complete the listing of property for taxes on or before the 1st of May, 1917; to give public notice (according to section 22 of the Act No. 170 of 1S98), when the assessment rolls were complete, that they would be open for inspection and correction from the 11th to the' 31st of May, 1917; to submit his assessment lists and other data to the board of reviewers on Monday, June-4, 1917, and deliver to the board of state affairs, on or before the 9th of July, 1917, a complete abstract of his assessment lists and the original list of every assessment of $5,000 or more. The resolution was communicated to the assessor and to the president of the police jury of Beauregard parish, and was obeyed by those officials in every respect.
The police jury met as a board of reviewers on the 4th of June, and adjourned from day to day until the 21st of June, 1917. The assessor submitted to the • board, not only the valuations shown on his assessment list of plaintiff’s property, but also the valuations shown on the list which had been furnished him by plaintiff. The board of reviewers approved the assessor’s valuation of plaintiff's property, $793,621.22, as its actual value for local taxation, and directed the assessor to assess all property in the parish, for local taxes, at 45 per cent, of its actual value.
When the assessment lists and abstracts were submitted by the assessor to the board of state affairs, in July, 1917, that body made certain changes in the valuation of the different classes of timber lands and of lumber, the result of which was an increase in the valuation of plaintiff’s property, for assessment for state taxes, to $935,337.22; that is $141,716 above the value fixed by the board of reviewers as a basis of assessment for local taxes. The increase of valuation was not directed at plaintiff’s property particularly but was a mere consequence of the valuations made generally by the board of state affairs, of the classes of lands, ,and of lumber, as a basis of assessment for state taxes.
The board of state affairs then returned the abstracts and assessment lists to the assessor, and sent him a form of notice to be published over his official signature, in the official journal of the parish, viz.;
“Taxpayers’ Notice.
“Notice is hereby given that the assessment sheets are open for inspection in my office for a period of 20 days from date for examination by the taxpayers, the said sheets showing the changes and corrections made by the board of *147 state affairs for the year 1917, and if any taxpayer desires to file a complaint, he can do so with the assessor, who in turn will forward same to the board.
“The state assessment will be reviewed by the police jury at its next regular monthly meeting.
“T. W. Stewart, Assessor.”
The notice was published as directed, once a week during the 20 days next preceding the regular monthly meeting of the police jury, which was held on October 9, 1917. There was no other notice given to plaintiff, or to the taxpayers generally, that the police jury would meet again as a board of reviewers, or would make any change in the valuations that were fixed at the meeting held in June.
When the police jury met, on the 9th of October, 1917, acting as a board of reviewers, that body approved the valuations adopted by the board of state affairs, for assess-ment of state taxes, and adopted the same valuations as a basis of assessment of local taxes. The result was an increase of $2,-053.98 in the amount of local taxes demanded of plaintiff.
The complaint in this suit is that the board of reviewers had no right to increase the assessment of plaintiff’s property for local taxes, for the reason, first, that the valuations adopted by the board at its June meeting were final; and, second, that, if the board had authority thereafter to increase the valuations made by the assessor, it could not exercise that authority without having served upon the taxpayer a notice to appear before the board, within five days, and show cause why such increased assessment should not be made.
As the taxpayer in this case was not served with a notice to appear before the board of reviewers, within five days, and show cause why the increased assessment should not be made, there is no occasion for deciding whether, if such notice had been served, the board would have had a right to increase, at its October meeting, the valuations that had been fixed at its June meeting. The only question presented for decision on the facts of this case is whether the increased assessment for local taxes was legal, without previous service of the five days’ notice.
Section 24 of Act No. 170 of 1898, as amended by section 2 of Act No. 130 of 1902, as amended by section 1 of Act No. 63 of 1906, declares that no valuation made by the assessor shall, be increased by the board of reviewers unless the taxpayer is served with notice to appear before the board within five days and show cause why such increased assessment should not be made, that the notice shall be signed by the president of the board, and that service thereof and return thereon shall be made in the manner provided by law for ordinary subpoenas.
Paragraph 11 of section 10 of the Act No. 140 of 1916 (the statute creating the board of state affairs) — giving the board of state affairs authority to fix the time (1) when the assessors throughout the state shall conclude extending valuations on their rolls, (2) when they shall place them before the boards of reviewers, and (3) when the police juries throughout the state shall meet as boards of reviewers — contains a proviso that the notices required by law to be issued to the taxpayers and to all parties concerned shall not be abridged.
Counsel for defendants concede that the requirement of the law, that no valuation made by the assessor shall be increased by the board of reviewers unless the taxpayer shall have been served with a five days’ notice to appear and show cause why the increased assessment should not be made, has not been abolished by the statute of 1916, creating the board of state affairs. The argument of defendants’ counsel is that the adopting by the board of reviewers, as a basis of assessment for local taxes, of the valuations fixed by the board of state affairs as a *149 basis of assessment of state taxes, was not an increasing of the valuations made by the assessor as a basis of assessment of local taxes. In support of the argument, the learned counsel direct our attention to certain provisions of the Act No. 140 of 1916 (particularly some of the expressions in paragraphs 2, 4, and 11 of section 10, and in sections 13 and 15), indicating that it was not the intention of the Legislature that the police juries should meet as boards of reviewers until the board of state affairs had examined and passed upon the assessments and submitted its valuations as a basis of assessment of state taxes. Hence it is contended that the board of state affairs was in error in adopting the resolution, in April, 1917, requiring the police juries throughout the state to meet as boards of reviewers and fix the value of property as a basis of assessment of local taxes, before the board of state affairs had fixed values for assessment of state taxes; and it is argued that, as the proceedings of the assessor and board of reviewers in pursuance of that resolution were not according to law, the board’s approval, at the meeting in June, 1917, of the valuations made by the assessor, was illegal and had no effect.
Our opinion, on the contrary, is that the valuations fixed by the board of reviewers, in June, 1917, as the basis of assessment of local taxes, would have been effective, in those cases where the taxpayers did not appeal to the court, if the board of reviewers had not undertaken, at its meeting in October, 1917, to upset the proceedings had in June of that year. Be that as it may, the board’s adopting of a higher valuation, in October, 1917, than the assessor had made prior to the June meeting of the board, was an increasing of the valuation made by the assessor, even though it was only an adopting, as a basis of assessment of local taxes, the valuations made by the board of state affairs as a basis of assessment of state taxes. And we see no reason why the board of reviewers should have dispensed with the legal requirement that—
“No valuation made by the assessor shall be increased by the board of reviewers unless the taxpayer is served with notice to appear before the board, within five days, and show cause why such' increased assessment should not be made.”
Plaintiff had no reason to assume that the board of reviewers would, at the regular meeting of the police jury, in October, 1917, adopt as the basis of assessment of local taxes the valuations made by the board of state affairs as the basis of assessment of state taxes, because, as the law then stood (before the adoption of the Act No. 211 of 1918), it was merely optional with the board of reviewers — not the duty of the board — to adopt as the basis of assessment for local taxes the valuations made by the board of state affairs as the basis of assessment of state taxes.
The judgment is affirmed.
MONROE, O. J., not having heard the argument, takes no part.