Samuels recognizing his ownership of that undivided interest.

For the reasons assigned the judgment appealed from is affirmed at the cost of appellants.

PROVOSTY, J., takes no part, not having heard the argument.

---

(83 South. 551)

No. 23610.

FOREST LUMBER CO. et al. v. WORD, Assessor, et al.

(Dec. 1, 1919.  Rehearing Denied Jan. 5, 1920.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR ⬥677—RECORD MUST SHOW FACTS TO SUSTAIN EXCEPTION OF WANT OF LEGAL CITATION.

This court can find no sufficient reason for reversing the judgment of the trial court overruling an exception of want of legal citation, when the transcript of appeal contains no evidence as to the manner or place of the service; the burden of proof in such case resting upon the plaintiff in exception to establish the facts upon which the exception is thought to be founded.

2. TAXATION ⬥331—RETURN OF LAND FOR ASSESSMENT CONSTRUED AS THAT OF OWNER'S AGENT.

Where the agent of a landowner prepares a return of the land for assessment, complete in all respects save as to the valuation and the affidavit, and then, in consultation with the assessor, fixes the valuation, which the assessor enters upon the roll, after which the agent subscribes to the affidavit required by law, the oath being administered by the assessor, who affixes the jurat, the return is that of the agent, and will be so considered by the courts.

3. TAXATION ⬥482(1)—VALUATION EXTENDED ON ROLL CANNOT BE LAWFULLY INCREASED FOR LOCAL TAXATION WITHOUT STATUTORY NOTICE TO OWNER.

The police jury, sitting as a board of reviewers, having in 1918 adopted a valuation of land as turned in by the assessor, and entered the same to be extended on the roll, such valuation could not thereafter lawfully be increased for the purposes of local taxation without giving the owner the five days' notice required by

Act No. 63 of 1906, p. 98; and his right to such notice could not be affected by any understanding between the assessor and the board to the effect that the assessment as made was tentative, and dependent upon action thereafter to be taken by the board of state affairs, nor by such action when taken, nor by the provision of section 3 of Act No. 211 of 1918, p. 392, declaring that the actual cash value of all property fixed by the board of state affairs for state purposes shall be the actual cash value for all purposes, subject to the right of the taxpayer to appeal to the courts.

Appeal from Twelfth Judicial District Court, Parish of Vernon; J. H. Boone, Judge.

Proceeding by the Forest Lumber Company and others against J. H. Word, assessor of the Parish of Vernon, and others, for judgment reducing the valuation of petitioners' property, etc.  Defendant's exceptions, including an exception of no cause of action, overruled, and a judgment rejecting plaintiffs' demands, and they appeal.  Judgment annulled, and judgment rendered for plaintiffs.

Hudson, Potts, Bernstein & Sholars, of Monroe, and Foster & Woosley, of Leesville, for appellants.

Fern M. Wood and W. M. Lyles, both of Leesville, for appellees.

Statement of the Case.

MONROE, C. J.  Plaintiffs herein attack the assessment for the year 1918 of 91,678.67 acres of land in the parish of Vernon, of which some of them, who were the owners whilst the work of assessment was in progress, conveyed it to the others; the gravamen of their complaint being that the land was returned at a valuation of $6,456,898, which was accepted by the assessor, in fact, was arrived at by plaintiffs' agent in consultation with the assessor, and that the police jury, sitting as a board of reviewers, on May 6, 1918, approved and adopted the assessment so made, that thereafter the board of state affairs placed a valuation of $7,592,711

upon said land and returned the assessment roll to the assessor of the parish, in order that said valuations should be extended thereon for the purposes of state taxation, and that the assessor illegally made the extension for the purposes of both state and local taxation, the valuation being thereby increased by more than $1,000,000, without notice to petitioners and without giving them an opportunity to be heard by way of protest or otherwise. The petition contains other complaints and concludes with a prayer that the board of state affairs, the police jury, as such and as a board of reviewers, the assessor, and the tax collector be cited, and that petitioners have judgment reducing the valuation in question to $6,456,898, and ordering the assessor to extend same on the roll at the rate of 45 per cent. as fixed by the police jury for local taxation at a meeting held by that body on October 7, 1919.

Defendants filed an exception (or exceptions) of want of legal citation as to the police jury, on the ground that the citation was served on the president of that body at a point 20 miles from its office, whereas the law (Act No. 179 of 1918, § 1, par. 7, p. 337) requires that the service in such case be made at the office of the body. They also filed an exception of no cause of action, based upon the averment that "plaintiffs do not allege that they made a sworn return of their property to the assessor prior to the 1st day of April, 1918." Both exceptions having been overruled, defendants answered (with reservations of their rights), and, after hearing, the exceptions were overruled, and there was a trial on the merits, resulting in a judgment rejecting plaintiffs' demands, from which they prosecute this appeal.

### Opinion.

[1] The transcript contains no evidence as to the manner or place of service of the citation upon the police jury, and we know of no sufficient reason why, in the absence of such evidence, we should reverse the judgment of the district court overruling the exceptions of want of legal citation; the burden of proof resting on defendants to establish the fact upon which those exceptions are thought to rest.

[2, 3] The averment that plaintiffs do not allege they made a return of the land, as required by law, upon which the exception of no cause of action is based, appears to us to be founded in error; the allegations of the petition on that subject being as follows:

"That the said estate of Jay Gould [owners of the land at the time], being George J. Gould et al. [plaintiffs herein], prepared and rendered to the assessor of the parish of Vernon, on blanks furnished for such purposes by the said assessor, a statement and description of property owned by them, the said estate of Jay Gould, in the parish of Vernon, with a statement of the acreage of the same and its proper classification under the assessment and revenue laws of the state of Louisiana, and that the said assessment and rendition, as prepared, furnished, and rendered by the said estate of Jay Gould, was accepted, concurred in, and approved by the said assessor, * * * and by him entered and extended on the assessment rolls of the parish of Vernon; * * * that subsequent thereto, * * * about the 6th day of May, 1918, the police jury, * * * acting as a board of reviewers * * * sitting for the purpose of considering, acting, and passing upon assessments, as rendered and as extended by the assessor, accepted, ratified, and approved the assessment which had been theretofore rendered by the said estate of Jay Gould, and adopted the assessment rolls of the said assessor, * * * including the assessment so rendered, as hereinabove referred to, by the estate of Jay Gould, of the property by them at that time owned in the parish of Vernon."

And there are other and further allegations indicating that the return was completed by the addition of the valuation.

It appears from the testimony of S. N. Thomas, the agent of the "Estate of Jay Gould," in which name the land in question was assessed, and also from the testimony of the assessor, that Thomas appeared at the office of the assessor on March 28, 1918, with a return of the land for the taxes of 1918,

complete with the exception of the valuation and the affidavit; that he consulted with the assessor, and, they reaching an agreement upon that point, the valuations were written upon the rolls by the assessor with the sanction of the agent, who then subscribed to the affidavit required by law, which was administered by the assessor, who affixed the jurat thereto and accepted the return as that of the agent, which in fact it was intended to be, and in law and fact, we think, is entitled to be considered by the courts. The assessor testifies that he told Mr. Thomas at the time that the figures that he was accepting were to be regarded as merely tentative (though without using that word), and that in the event that the board of state affairs should thereafter place a higher cash valuation upon the land, he would adopt the same; and Mr. Thomas testifies that he did not so understand the assessor. The assessor also testifies that he had such an understanding with the police jury sitting as a board of reviewers when he turned in his assessments to that body. The figures were, however, written on the roll in ink, and we see nothing in the view which the assessor takes of the matter which disentitled Thomas, as the agent of the owners, to the five days' notice required by law of the intended increase of valuation (Act No. 170 of 1898, § 24, p. 360, and Act No. 130 of 1902, p. 222, and Act No. 63 of 1906, p. 98, amending and re-enacting the same; Delta Land & Timber Co. v. Stewart, 145 La. 144, 81 South. 888); nor do we see why the right to such notices should be destroyed by section 3 of Act No. 211 of 1918, which provides that "the actual cash value of all property fixed by the board of state affairs, for state assessment purposes, shall be the actual cash value for all purposes," etc., since the statute thus quoted was approved on July 11, 1918, and the assessment here in question had then been made. We conclude, therefore, that the case is with the plaintiffs, and it is accordingly adjudged and decreed that the judgment appealed from be annulled, and that there now be judgment in favor of the plaintiffs ordering and decreeing that the increased valuation here complained of be reduced to $6,456,898, that said last-mentioned valuation be extended on the assessment rolls of the parish as the cash valuation for local purposes of the land in question for the year 1918, and that 45 per cent. thereof (being the percentage fixed by the police jury upon October 7, 1918) be taken as the percentage of that valuation for the purposes of the assessment and collection of the local taxes for that year. It is further decreed that the defendant police jury pay the costs of this suit.

O'NIELL, J., concurs in the decree on the ground that the proviso in paragraph 11 of section 10 of the Act No. 140 of 1916 declaring that the notices required by law to be issued to the taxpayers and to all parties concerned shall not be abridged has been retained in the corresponding paragraph of the amending statute, Act No. 211 of 1918, p. 391.