(90 South. 660)

No. 23825.

### LOUISIANA LONG LEAF LUMBER CO. et al. v. VINES, Assessor, et al.

(May 30, 1921. On Rehearing, Jan. 30, 1922.)

*(Syllabus by the Court.)*

1. **Taxation** ⊚⟹319(2), 500—**Burden on tax debtor to prove facts removing estoppel by failure to make return.**

Where the taxing authorities, in defense of a suit to annul an alleged increased assessment, plead the estoppel based upon the failure of the tax debtor to have made the return required by law (Act 182 of 1906, § 3, p. 332), and prove such failure, the burden is thrown upon the tax debtor to prove the facts upon which he relies to remove his case from the operation of the estoppel; and where he fails to take up that burden and the facts alleged by him concern the legality of the procedure, the court must presume, in the absence of anything to the contrary, that the officers charged with the duty of making the assessment complained of performed that duty in the manner prescribed by law.

On Rehearing.

2. **Taxation** ⊚⟹482(1)—**Increase by board of state affairs, without notice of assessment approved by police jury, invalid.**

It is settled jurisprudence and sound law that where an assessment has been approved by the police jury, acting as a board of reviewers, its subsequent increase by the board of state affairs, or otherwise, is invalid without the notices required by law.

3. **Taxation** ⊚⟹482(1)—**What constitutes challenge of legality of assessments stated.**

Where the taxpayer complains, not merely of the judgment of the assessor, etc., as to values, but of the legality of the course pursued in fixing such values, he challenges the legality, not merely the correctness, of the assessment made.

4. **Taxation** ⊚⟹463—**Statutory estoppel held to apply to correctness of assessment and not to validity.**

The estoppel declared by section 3 of Act 182 of 1906, against a taxpayer who fails to make due return of his property, applies only to the correctness of an assessment, not to its validity.

Appeal from Twelfth Judicial District Court, Parish of Sabine; John H. Boone, Judge.

Proceedings by the Louisiana Long Leaf Lumber Company and others against Louis Vines, Assessor, and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded on rehearing.

Hudson, Potts, Bernstein & Sholars, of Monroe, and Foster & Woosley, of Leesville, for appellants.

Don E. SoRelle, of Many, and W. M. Lyles, of El Paso, Tex., for appellees.

### Statement of the Case.

MONROE, C. J. Plaintiffs herein are the heirs of Jay Gould, the Forest Lumber Company, and the company named in the title. They allege that the heirs of Gould, being then the owners of certain lands in Sabine parish, on April 18, 1918, returned them for assessment for the taxes of that year, at a total valuation of $774,670; that the assessor adopted the return as the basis of his assessment and turned his roll over to the police jury, sitting as a board of reviewers, by which the assessment was approved; but that later the board of state affairs caused the valuation to be increased to $1,094,740, without notice to the owners and without affording them an opportunity to be heard, and that its action was ultra vires and amounts to a taking of property without due process of law. They further allege that in the meanwhile the heirs of Gould had sold the lands to the Forest Lumber Company, by which company part of them had been sold to the plaintiff named in the title; that upon the valuation as returned by the heirs of Gould, which was correct, the state tax of 1918 is $3,830.80, and the amount due for all local taxes is $13,100.97, which amounts, after having been tendered to the tax collector and refused by him, are deposited in the registry of the court.

They pray that the board of state affairs, police jury, assessor, and tax collector be cited, and for judgment annulling the increased amounts and ordering that the

amounts tendered and deposited be accepted as in full of the taxes in question and receipted for accordingly.

Defendants filed a plea of estoppel and an exception of no cause of action, which were tried together, and, after hearing evidence on the plea, both plea and exception were sustained, the suit dismissed, and plaintiff condemned to pay 10 per cent. on the amount of the taxes involved, as the fee of the attorney of the tax collector.

It was shown, in the course of the trial, that the only thing in the shape of a return of land for the taxes here in question that had been received by the assessor was a form of return, with lands listed thereon, without being valued, which document was received through the mail and was not verified by any affidavit. Plaintiffs made no attempt whatever to sustain by evidence any of the allegations of their petition; and, except those allegations, we find nothing in the record to indicate that the board of state affairs took any part in the assessment here attacked.

### Opinion.

[1] Counsel for plaintiffs rest their case upon the allegations thus referred to (in the foregoing statement), which were neither proved nor attempted to be proved. In other words, their argument is, in substance, that the duty of those charged with the making of assessments is mandatory, and failure to follow the law strikes an assessment with nullity; that the act creating the board of state affairs did not abrogate prior statutes regulating the review of assessments, notice to taxpayers, etc., or confer upon that board any authority to alter assessments for local taxation; that where a taxpayer complains of an assessment as illegal for noncompliance with the law as to matters of procedure, the fact that he had failed to return his property for assessment does not estop him to have the illegality decreed; and that, where an assessor submits his assessment to a police jury sitting as a board of reviewers, by which it is approved for local taxation, the board of state affairs is without authority, upon receiving the roll, to increase the valuations thereon without notice to the taxpayer, or without submitting the roll to the police jury; that, as the allegations of illegality in the procedure are relied on as an answer to the plea of estoppel, the time to have proved those allegations was when that plea was heard and the fact upon which it is based was proved.

The law upon which the plea is founded is contained in section 3 of Act 182 of 1906, p. 332, which reads:

"Section 3. * * * That it shall be the duty of each taxpayer, the parish of Orleans excepted, to fill out a list of property and make oath to its correctness, in the manner and form prescribed by existing laws and return the same to the assessor on or before the first day of April of each year, in default of which, for any cause whatever, he shall be estopped from contesting the correctness of the assessment list filed by the assessor."

Defendants now before the court having pleaded the estoppel thus established and having proved the fact upon the basis of which it is to be applied, the burden was thrown upon the plaintiffs to prove the facts relied on by them to remove their case beyond the operation of the plea, and they did not take up that burden. As the case is presented, therefore, the presumption is that all the officers charged with any duty in connection with the assessment here in question performed that duty in the manner required by law. Whether, if plaintiffs had proved their allegations, it would have relieved them of the estoppel established against them, is a question which need not be here considered.

Judgment affirmed.

### On Rehearing.

ST. PAUL, J. Plaintiffs allege that after due return of their property for purposes of

taxation, after due assessment thereof by the assessor, and after due approval of said assessment by the police jury, acting as a board of reviewers, the assessor (acting presumably by direction or suggestion of the state board of affairs), raised the valuation and increased the assessment placed upon their said property as aforesaid even for purposes of parish taxation; all without notice whatever to plaintiffs or opportunity given them to object, and all in violation of law. Wherefore they pray that said increased assessment for parish purposes be annulled. They do not complain of said assessment for state purposes.

Defendants filed pleas of no cause of action and of estoppel; the latter based upon an allegation of fact, to wit, that plaintiffs had made no proper and sufficient return of their property to the assessor, and upon the provisions of section 3 of Act 182 of 1906, p. 332, which provide that the owner of taxable property who fails to make such return "shall be estopped from contesting the correctness of the assessment as made by the assessor."

On the hearing of these pleas the defendants made good their allegation of fact; whereupon the trial judge maintained the pleas of estoppel and of no cause of action aforesaid.

### I.

[2] Under section 10 of Act 140 of 1916 the board of state affairs has authority to fix the value of property for purposes of state taxation (paragraph 4). But for purposes of local taxation the functions of that board are only advisory as to valuation (paragraph 5; see, also, section 13); and no alteration (increase) of values for parish purposes shall be made except after a special notice to be given in addition to the other notices required by law (paragraph 11).

It is clear therefore that plaintiffs' petition discloses a cause of action; for it is settled jurisprudence and sound law that where an assessment has been approved by the police jury, acting as a board of reviewers, its subsequent increase by the board of state affairs (or otherwise) is invalid without the notices required by law. Delta Land Co., v. Stewart, 145 La. 144, 81 South. 880; Forest Lumber Co. v. Word, 146 La. 271, 83 South. 551.

### II.

[3, 4] The plea of estoppel is also unfounded, for plaintiffs complain, not merely of the judgment of the assessor or police jury or state board of affairs as to values, but of the legality of the course they have pursued in fixing those values; and it is settled jurisprudence and sound law that the estoppel declared by section 3 of Act 182 of 1906, against a taxpayer who fails to make due return of his property, applies only to the correctness of an assessment, not to its validity. Marston v. Elliott, 138 La. 575, 70 South. 519; Crowell & Spencer Lumber Co. v. Lafleur, 137 La. 772, 69 South. 170.

### Decree.

The judgment appealed from is therefore reversed; and it is now ordered that the pleas of no cause of action and estoppel herein filed by defendants be overruled, and the case remanded for further trial according to law.