### G. R. McKINNEY CO., Inc., v. LOUISIANA TAX COMMISSION et al.

No. 4704.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1933.

Robert J. O'Neal and Aubrey M. Pyburn, both of Shreveport, for appellants.

Melvin F. Johnson and Robert Roberts, Jr., both of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff owned and operated a retail shoe store in the city of Shreveport during the year 1932, and for several years before. This suit was brought by it against the Louisiana tax commission, the tax collector, and tax assessor of Caddo parish, and the city marshal of the city of Shreveport, to reduce the amount of the 1932 assessment against its stock of merchandise and business fixtures, and to enjoin the collection of taxes against its property resulting from the alleged illegal increase in its assessment.

Plaintiff alleges that prior to April 1, 1932, it made a rendition of its taxable property for the year 1932 to the tax assessor of Caddo parish, as follows:

(a) Stock of merchandise owned and located at its said store in Shreveport, Caddo Parish, Louisiana .................. $5,041.00
(b) Store fixtures owned and located at its said store in Shreveport, Caddo Parish, Louisiana .... 757.00

And that in due course, and pursuant to instructions from the Louisiana tax commission, the tax assessor increased the valuations on said property over that fixed by petitioner in its rendition in the following respects: The valuation of its stock of merchandise was raised to $12,000, and the valuation of its fixtures was raised to $2,700; that these values are in excess of the actual cash value of the property on January 1, 1932, to the extent of the increase in excess of the values fixed in petitioner's rendition aforesaid; that said property, as valued by the Louisiana tax commission, has been entered on the tax rolls of Caddo parish and of the city of Shreveport, for assessment and taxation purposes at the values fixed by the Louisiana tax commission, and, unless restrained, said tax collectors will undertake to collect taxes on said property in accordance with said wrongful and erroneous assessment; that tender of the taxes due on said property on the basis of the valuation fixed by petitioner in its rendition has been made.

The relief prayed for is that the assessed value of said property be reduced to the amount at which it was valued in said rendition to the tax assessor.

Defendants denied that plaintiff, prior to April 1, 1932, made any rendition of its property for purposes of taxation, and that it did not make oath to such rendition, if any was made, as required by law; and therefore

plaintiff is estopped from contesting the correctness of the assessment made against it by the tax commission; said estoppel being specially pleaded. It is admitted that plaintiff's property was assessed at $14,700, as alleged by it, and avers that said amount was the original amount at which said property was assessed, but denies that that valuation is in excess of the actual cash value of the property for the year 1932. Validity and correctness of the assessment is averred, and the tender asserted by plaintiff is admitted.

There was judgment in favor of plaintiff pursuant to the prayer of its petition. Defendants appealed.

We are not convinced that plaintiff made a rendition of its property to the tax assessor, as claimed by it, prior to April 1, 1932, but we are convinced that, if it did so, the rendition was not sworn to as required by law. Briefs of both sides in the case state that the lower court was of this opinion, but declined to sustain defendant's plea of estoppel holding that evidence introduced by plaintiff without objection had the effect of enlarging the pleadings so as to convert the suit into one to cancel and annul an illegal increase in assessment of plaintiff's property, and that the plea of estoppel was not applicable.

▋ It appears that the tax assessor, finding no rendition by plaintiff in his office, on March 13, 1932, listed its property on a regular blank for assessing purposes, and fixed the valuation of the stock of shoes at $5,000, and the store fixtures at $750. It was his duty to do this under section 19 of Act No. 170 of 1898. This duty and power was not abridged by Act No. 78 of 1906. This act constituted an assessment, so far as the tax assessor was concerned.

Plaintiff's New York office made a mercantile report to the Louisiana tax commission in March, 1932, wherein the average value of its merchandise, according to three inventories taken in 1931, was $5,041, and the value of its fixtures was $757. This report was sworn to. It was sent by the commission to the assessor, and used by him as a guide for the valuations made by him. During the summer of 1932 a representative of the tax commission, as was his custom, came to Shreveport for the purpose of inspecting some or all of the mercantile establishments therein with the view of gaining information needful in determining proper valuations to be placed on their stock of merchandise, etc., for assessment and taxation purposes. Plaintiff's manager is positive this representative did not visit its place of business nor inspect its records at all, but this agent did instruct the assessor to raise the value of plaintiff's merchandise to $12,000 and the value of the store fixtures to $2,700. It was by this procedure that the increase in plaintiff's assessment was made. Why this was done, or from what source information was secured to base the increase upon, the record does not disclose. Plaintiff was given no notice of the big increase in its assessment, and was ignorant thereof until the roll was filed near the end of the year. The increase in its assessment was effected in a most arbitrary manner. There is no evidence in the record which to the least extent justifies the valuation of plaintiff's property as fixed by the order of the agent of the Louisiana tax commission. This valuation is clearly and grossly in excess of the property's actual cash value, according to the evidence in the case.

We agree with the lower court that this suit now partakes of the character of one to annul an increase in an assessment, illegally made, and that the estoppel provided by section 3 of Act No. 182 of 1906, pleaded by defendants, does not apply. This law states that, should the taxpayer not fill out, make oath to and file with the assessor, a list of his property before April 1st, "he shall be estopped from contesting the correctness of the assessment list filed by the assessor." Plaintiff is not complaining of the valuations of its property as fixed by the assessor, but stands squarely thereon. It has the right to do this. It does complain of the large increase in such values, arbitrarily arrived at, adopted as the basis for the fixing of its tax liability for the year 1932.

On this point defendants invoke, as decisive of the question of estoppel, the holding in Millsaps v. Traylor, Sheriff, 128 La. 1069. 55 So. 677. The facts of that case differ somewhat from those in the present case. In that case the taxpayer timely made his rendition with the assessor, but failed to observe the requirement that it be sworn to. The assessor increased the values fixed by the plaintiff, taxpayer, over 100 per cent., without notice to him. It was of this increase in value that complaint was made. In the present case, the values contended for by plaintiff and those fixed by the assessor are practically the same; odd figures only being dropped by the former.

In Bertron, Griscom & Jenks v. City of New Orleans et al., 131 La. 73, 59 So. 19, it was held that the tax debtor, who made no rendition before April 1, was estopped to contest the assessment made by the local tax assessor. To the same effect is Palmer Company v. Police Jury, 142 La. 1076, 78 So. 122.

In Crowell & Spencer Lumber Company v. Lafleur, 137 La. 772, 69 So. 170, this estoppel was pleaded against the complaining tax debtor. In overruling the plea, the court expressed doubt of the constitutionality of section 3 of Act No. 182 of 1906, and held that the estoppel therein established did not apply to attacks against the validity of an assessment, but did apply to actions to correct an

assessment. The same doctrine is announced in Louisiana Long Leaf Lumber Company v. Vines, Assessor, et al., 150 La. 316, 90 So. 660, 661, the court saying: "The plea of estoppel is also unfounded, for plaintiffs complain, not merely of the judgment of the assessor or police jury or state board of affairs as to values, but of the legality of the course they have pursued in fixing those values; and it is settled jurisprudence and sound law that the estoppel declared by section 3 of Act 182 of 1906, against a taxpayer who fails to make due return of his property, applies only to the correctness of an assessment, not to its validity. Marston v. Elliott, 138 La. 575, 70 So. 519; Crowell & Spencer Lbr. Co. v. Lafleur, 137 La. 772, 69 So. 170."

Defendants studiously review the legislation of the state since 1898, relative to assessments, taxation, and the powers given the various units of political machinery evolved to effectuate uniformity and fairness in assessments and taxation, and take the position that there can be no assessment of property, except by the Louisiana tax commission.

 The law is not without confusion and ambiguity on the question. We shall not here attempt to analyze and harmonize all the seeming patent conflicts in the laws on this question. We think the parish tax assessor, as his title implies, still has the right to make an assessment of property subject to taxation, even though it be tentative. His action is subject to review by the police jury, sitting as a board of reviewers, the parish board of equalization, and by the Louisiana tax commission. Act No. 140 of 1916, § 10, par. 1, gives the state board of equalization the right to assess property for state purposes, while paragraph 7 of the same section gives the board the right to publicly reprimand any assessor "if it shall appear that he is wilfully negligent or unfair in the assessment of property, or in omitting same from the rolls." The amendment to this act (Act No. 211 of 1918) makes no change in this provision, but readopts it. Other references on the subject do not make it clear that the assessor has been stripped of all his original power to make assessments. The last expression of the Legislature on the subject is to be found in Act No. 78 of 1932, amending section 7 of Act No. 170 of 1898, a portion of which, germane to this discussion, we quote: "That it is made the duty of the tax assessors throughout the State to place upon the assessment list all property subject to taxation, including merchandise or stock in trade within their respective districts or parishes; and that in the assessment of merchandise, or, stock in trade on hand during the year preceding the calendar year in which the assessment is made, the inventory value of such merchandise, etc., shall be arrived at by computing the cost or purchase price of said shipment. * * *"

This act specially gives the assessor the authority to assess merchandise and prescribes the method to be employed in reaching a valuation of the stock in trade for the purposes of assessment.

Act No. 231 of 1920, which created the parish board of equalization, contains this pertinent clause: "Be it further enacted, etc., That the Parish Board of Equalization shall meet in the parish seat in their respective parishes on the first Monday in May of each year and shall examine the assessments of property as fixed by the Assessor for taxation in their respective parishes and shall equalize the assessments as hereinafter provided. * * *"

We think the Supreme Court in State ex rel. City of New Orleans v. Louisiana Tax Commission, reported in 171 La. 211, 130 So. 46, 47, has correctly stated the present law on this question: "The method by which the assessments are made for the collection of all taxes, state and local, is that the assessor in each parish throughout the state, and the board of assessors for the parish of Orleans, prepares a tentative assessment roll, which, after being reviewed and revised by the parish board of equalization, according to the provisions of Act No. 231 of 1920, is submitted to the tax commission for approval. * * *"

This tentative assessment roll contains the description of all tax debtors' property in the parish with values thereon fixed by the assessor and approved by the board of reviewers, and the parish board of equalization, with or without changes.

"To assess property is to place a value upon it." New Orleans Great Northern Railroad Co. v. Thomas, 129 La. 130, 55 So. 737, 738.

█ If an assessor cannot legally make an assessment of property where the tax debtor has made no rendition, then there is no law that estops the tax debtor from invoking the court's aid to relieve him from the injustice that would surely follow the fixation of arbitrary and excessive values on his property by the assessor. The act clearly states that, if the tax debtor makes no return of his property to the tax assessor, he cannot thereafter contest the assessment list filed by that officer. There is no provision of law that says that the tax debtor is estopped from contesting the valuation placed on his property for taxation purposes, by the Louisiana tax commission, where he has made no rendition to the assessor. If, as contended by defendant's counsel, the tax commission is the only authority vested with the power to perform the acts needful to the creation of an assessment for purposes of taxation, then the estoppel provided in the 1906 act becomes a dead letter.

As stated, supra, plaintiff is not complain-

ing of the assessor's action in valuing its property on his tentative roll; therefore the plea of estoppel has no application to his case. He is not estopped to contest the excessive increase made by the tax commission's agent, which, because of the manner in which it was done, is illegal. In addition to this, no property may be assessed beyond its actual cash value (Const. art. 10, § 1), and section 13 of Act No. 140 of 1916 re-enacted and amended by Act No. 211 of 1918 provides that: "Any taxpayer shall have the right to test the question of the actual cash value of his property before the courts of the State."

The value of plaintiff's property, as fixed by the agent of the Louisiana tax commission, was clearly beyond its actual cash value.

For the reasons herein assigned, the judgment appealed from is affirmed.