TATE, Judge.
This is a suit to annul a tax sale on the ground that it was invalid because, inter alia, the actual owners had not been given notice that the taxes were delinquent and that therefore their property was to be sold. *317 The trial court ordered the tax sale annulled. The defendant appeals.
The only question of this appeal relates to the validity vel non of the tax sale.[1]
In 1957 the defendant Ferguson purchased at tax sale an undivided three-eighths interest in a 40-acre tract in Sabine Parish. In 1961 the present suit to annul the sale was brought by the legal heirs and descendants of T. E. Williams, Sr., the former owner of this 40-acre tract.[2]
Williams had died in 1949. Williams’ three major children inherited his entire interest in this property, per the judgment of possession recorded in the Sabine Parish conveyance records in the year of Williams’ death. The tract was erroneously assessed, however, as belonging one-half to Williams’s widow, Mrs. Orna G. Williams, even though she owned no interest in it.
The property was sold to the defendant on June 12, 1957, for unpaid 1956 taxes. The notice of tax delinquency and of the consequently impending tax sale was not sent to the three heirs, who were both the actual and the record owners of the property. The only formal notice of delinquency was sent instead to “Orna G. Williams”, their mother, who owned no interest in the property.
Article 10, Section 11, of the Louisiana Constitution provides that, prior to advertisement and sale of property for unpaid taxes, the tax collector shall give notice to the “delinquent” in the manner provided bylaw. See LSA-R.S. 47:2180. Under the well-settled jurisprudence, the term “delinquent” means the actual owner of the property at that time. Butler v. D’Antonio, 231 La. 275, 91 So.2d 345. Therefore, if the actual owner himself is not given such formal notice of delinquency, the tax sale is invalid and may be annulled by him, if he brings suit timely. Butler v. D’Antonio, cited above. See Zengel, Tax Sales: Redemption and Annulment, 16 Tul.L.Rev. 585, 588-592 (1942), for comprehensive discussion of the subject.
The trial court thus correctly held the 1957'tax sale to be invalid on the ground that formal notice of delinquency was not furnished to the actual owners of the property prior to the sale, as mandatorily required by the above-cited provision of the State constitution.
In seeking to evade the well-settled legal principles correctly applied by the trial court, the defendant apparently contends that the plaintiffs are estopped to contest the validity of the tax sale as based on the invalid assessment, because as heirs they did not notify the assessor in writing of T. E. Williams’s death as allegedly required by LSA-R.S. 47:1965, nor did they file a list and valuation of the property with the assessor as required by LSA-R.S. 47:1956. Defendant cites Louisiana Long Leaf Lbr. Co. v. Vines, 150 La. 311, 90 So. 660; Palmer Co. v. Police Jury, 142 La. 1076, 78 So. 122, and White v. Lockhart, La.App. 1 Cir., 129 So.2d 917.
However, even though a property owner may under these authorities be sometimes estopped from annulling an assessment prior to a tax sale, such a prior acquiescence by the true owner in an improper assessment does not thereby render valid a tax sale made without notice to him as the actual owner of the property. Le Blanc v. Babin, 197 La. 825, 2 So.2d 225 (syllabus 7); Federico v. Nunez, 173 La. 957, 139 So. 20; *318 Adsit v. Park, 144 La. 934, 81 So. 430. These cited cases specifically hold that the taxpayer’s estoppel to question the valuation or validity of an assessment is irrelevant to and does not limit his right to annul a tax sale, if he did not receive the notice of delinquency required by our State constitution. In such instances of erroneous assessment, the tax sale is not valid when notice is given only to the assessed owner and not to the actual owner, even though the erroneous assessment may have resulted from the true owner’s failure to file appropriate forms with the tax assessor.
For the foregoing reasons, we affirm the judgment of the trial court annulling the 1957 tax sale to the defendant. The defendant-appellant is assessed with the costs of this appeal.

. This suit was timely brought so as not to be barred by the constitutional peremption provided by Article 10, Section 11, La. Constitution, LSA which in most instances prevents the annulment of tax sales for procedural deficiencies after five years following recordation of the tax deed.

. On filing their suit, the plaintiffs had unconditionally deposited into court a sum sufficient to repay the defendant all taxes, costs, and interest due to the tax sale purchaser. The constitutional provision requires that the purchaser be repaid these amounts before the tax sale is annulled. Art. 10, Sec. 11, La. Constitution.