STOKER, Judge.
The primary issue before the court is the validity of the tax sale of defendants’ property to William W. Clark. Litigation was initiated by Clark to confirm and quiet the tax title.
HISTORY OF THE CASE
Clark’s petition was based on the fact that five years had elapsed since the tax purchase. Thus, he sought to have the title confirmed under authority of LSA-R.S. 47:2228. In the case of an elapse of five years the court is directed to confirm and quiet the title, unless a suit to annul is instituted within ten days from service and citation in accordance with LSA-R.S. 47:2228. Under this statute the tax debtor has six months within which to bring a suit to annul after the elapse of three years and prior to elapse of five years.
There was a hearing on November 14, 1983, before the trial court.
The parties stipulated to virtually all of the facts. Even though the parties only stipulated to intermittent possession of the property by the tax debtors, the court found that because there was possession during the five-year peremptive period, the proper time limitation on a proceeding to annul was six months rather than ten days, in accordance with LSA-R.S. 47:2228 paragraph 1. Therefore, the court held the suit was premature. The matter was left open to determine whether the defendants would file a suit to annul the tax sale. They did so.
By reconventional demand to annul the tax sale, the original defendants, Nelda Marie and Karen Gobert, attacked the validity of the tax sale on ground of insufficiency of notification of delinquency and sale of the property. These demands were heard by the trial court on March 1, 1984. Through stipulations, the parties incorporated the entire record of the previous hearing. Several other stipulations were made at that time.
TRIAL COURT DISPOSITION
The trial court granted the petition to annul the tax sale. In doing so, the court apparently held that even though the actual owners received notice in fact, the notice was deficient because it was not received by certified mail in strict accordance with LSA-R.S. 47:2180.
The court also apparently held that the notice was defective because it was addressed to a deceased person, even though the succession of Flin Gobert had never been judicially opened and the heirs had never notified the authorities of his death.
The court ordered that upon appropriate indemnification to the tax purchaser the judgment to annul the sale should become effective. The tax sale purchaser, William *668 W. Clark, has appealed the judgment. We reverse.
FACTS
All the evidence was presented to the court in the form of stipulations by and between counsel. The facts are sketchy and some are stated in the form of conclusions without a statement of the underlying bases.
Apparently, before his death, Flin Gobert owned Lot 21, Block A, Harlem Heights Number 2, a subdivision located in Calca-sieu Parish, Louisiana, a plat of which is recorded in the records of the Clerk of Court of Calcasieu Parish. Gobert died on September 3, 1969. He was survived by his wife, Nelda Marie Gobert, and by Karen Gobert, a major, his sole heir. His succession had not been judicially opened as of the time of this suit, nor had his heirs notified the tax assessor or the tax office about his death. Thus, Flin Gobert was still the record owner of the property in question.
The taxes for 1977 became delinquent and the proper authority sent a delinquent tax notice to Flin Gobert by certified mail. The property which was assessed to Flin Gobert was sufficiently described and the notice was sent to 1712 Eleanor Street, Lake Charles, Louisiana, the address of record. The certified letter was returned marked unclaimed. Two other letters which were not certified were sent to the subject property at a time when appellees, Nelda Marie and Karen Gobert, were in possession of the property. These letters were not returned. In addition, three different legal notices were published in the Lake Charles American Press.
When the tax debtor did not come forward and pay the taxes, the property was offered for sale by the sheriff on April 29, 1978, and Clark purchased the property at that time. The tax deed was made out on May 18, 1978, and filed on June 9, 1978. On July 6, 1983, more than five years after the tax sale, and in accordance with LSA-R.S. 47:2228, Clark petitioned the court to confirm and quiet the tax title.
Since Flin Gobert died in 1969, Nelda Marie and Karen Gobert were the actual owners of the property at the time of the tax sale. It was stipulated by and between counsel that there was intermittent possession of the property by the surviving spouse and heir during the five-year per-emptive period.
APPLICABLE LAW GOVERNING TAX SALES
Concerning tax sales, Article 7, Sec. 25, (B) of the Constitution of 1974 states:
“The property sold shall be redeemable for three years after the date of rec-ordation of the tax sale, by paying the price given including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.”
Article 7, Sec. 25, (C) further provides that a tax debtor can institute a proceeding to annul the tax sale within five years of recordation of the tax deed.
The court addressed these provisions in Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226 at 1231 (La.1979). It stated that:
“The tax debtor’s only recourse once the three year period has run and he has failed to redeem, is to bring an action attacking the validity of the tax sale. As stated previously, this action must be brought within five years from the date of recordation of the tax deed, unless this period has been interrupted by the physical possession of the property by the debtor.”
The court has recognized this position in the past. Gulotta v. Cutshaw, 283 So.2d 482 (La.1973).
In this case, more than five years has elapsed since the tax sale, but the stipulated facts indicate that the actual owners had only had intermittent possession of the property, not continuous possession. In the past, the court has found that the type of possession necessary to interrupt the five-year peremptive period must be open, actual, continuous, and of the same character or nature which is necessary to satisfy the requirements for ten-year acquisitive *669 prescription. Securities Mortg. Co., Inc. v. Triplett, supra; Laventhal v. Lake Investment Corporation, 252 So.2d 521 (La.App. 4th Cir.1971); Collins v. Quinn, 366 So.2d 209 (La.App.2d Cir.1978).
It is not clear what effect the 1978 amendment to LSA-R.S. 47:2228 has on this long line of jurisprudence. Prior to the amendment, LSA-R.S. 47:2228 merely provided the procedure to quiet tax title. Paragraph 1 provides a procedure which can be taken after three years. The delay for answer in this procedure is six months. During this period the tax debtor can bring a suit to annul the tax sale. The second paragraph provides the procedure to be followed after five years. The delay for answer in this case is only ten days. But in 1978 the legislature added a third paragraph to LSA-R.S. 47:2228 which reads:
“Nothing in this section shall be construed in this case to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has first been dispossessed.”
The question arises whether the legislation was merely an incorporation of the longstanding jurisprudential rule which recognized a suspension of the five-year peremptive period in case of continuous possession by the tax debtor-owner or whether it mandated a change.
In disposing of the case at the first hearing the trial court simply held there had been possession which caused the plaintiffs suit to be premature, even though the stipulated facts only indicated intermittent possession. It is therefore questionable whether the trial court applied the appropriate time limitations for answer under LSA-R.S. 47:2228 and whether the court properly allowed a suit to annul the tax sale, inasmuch as five years had elapsed since the sale.
NOTICE
Regardless of the question presented above, the only issue that counsel has presented for review concerns the sufficiency of notice. Since we find that notice was adequate, it is unnecessary for us to consider the question of possession.
Appellees, Nelda Marie and Karen Go-bert, rest their argument entirely on a strict interpretation and application of LSA-R.S. 47:2180 which states that notice of tax delinquency must be given to, “each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased.” Nelda Marie and Karen Gobert argue that since the record owner was deceased, they, as actual owners, should have been given notice in the legally required manner.
This argument ignores LSA-R.S. 47:1965 which indicates that:
“Any assessment made in the name of a party deceased shall be good and valid throughout the state unless notification in writing of the death and of whether or not the succession has been opened and when and where, shall have been made in due season to the assessor by the heirs or parties interested. In all cases property assessed in the name of the owner as appears on the record of the recorder of mortgages at the date of listing shall be deemed properly assessed.”
The court recognized the application of LSA-R.S. 47:1965 in White v. Lockhart, 129 So.2d 917 (La.App. 1st Cir.1961) (the opinion indicates that certiorari was denied on June 22, 1961).
Since the owners did not notify the tax authorities of the death of Flin Gobert, either actually or constructively, he was still the record owner. Jurisprudence supports the contention that notice must be sent to the record owner. Kuhn v. Sandefur, 28 So.2d 515 (La.App. 2d Cir.1946); Berry v. Captain, 360 So.2d 651 (La.App. 3d Cir.1978); Securities Mortg. Co., Inc. v. Triplett, supra; Nipper v. Ferguson, 148 So.2d 316 (La.App. 3d Cir.1962). The heirs complain that the notice was not given in their name, but, the notice was addressed to the deceased record owner of the property in question at a time when the actual owners were in possession of that property. *670 Moreover, they do not deny that they actually received the notice.
They further argue that the notice was not received by certified mail as required by LSA-R.S. 47:2180. The pertinent section reads:
“The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein ...”
The notice to Flin Gobert was returned marked unclaimed. The tax collector made two other attempts to give the party notice by ordinary mail. Neither of these notices were returned. The jurisprudence is clear that a party may not refuse to accept notice. As previously stated, the owners in this case do not deny that they received actual notice.
The cases indicate that if a certified letter is returned, in some cases, the tax collector has the duty to take further steps. In this case, that duty was met. Childress v. Johnson, 387 So.2d 1217 (La.App. 1st Cir.1980), writ denied, 393 So.2d 744 (La.1980).
It would be unreasonable to expect the taxing authorities to divine who the real owner of a piece of property is when there is no indication that ownership is questioned. The tax collector fulfilled his statutory duty to give notice of delinquency. It would be absurd to allow tax debtors to avoid their duty by refusing to notify the tax authorities of deaths which implicate changes in ownership of property and then to further thwart the taxing authority by refusing to acknowledge the notices sent in the name of that deceased.
The court in Securities Mortg. Co., Inc. v. Triplett, supra, held that the fact that the parties had not received actual notice was of no moment. It was only imperative that the notice be given. In this case, not only was notice given, but apparently the owners received the notice.
DECREE
For the foregoing reasons, the judgment of the lower court is reversed and set aside. It is now therefore ordered, adjudged and decreed that there be judgment herein in favor of plaintiff and against defendants quieting and confirming plaintiff’s title to Lot 21, Block A, Harlem Heights No. 2, located in Calcasieu Parish, Louisiana, as shown on a plat of survey recorded in the official records of Calcasieu Parish, Louisiana.
REVERSED AND RENDERED.